LATIMER and YARD *against* RIDGE.

To entitle a party to demand of referees that they will allow him time to produce testimony, he must shew them what it is, why he is not able then to produce it, and that he expects to obtain it in a reasonable time. A naked allegation that he desires further time is not sufficient.

THIS and a cross action by *Ridge* against *Latimer* and *Yard*, were referred under a rule of court to arbitrators, who found against *Ridge* in both suits; and the exception upon which it was now attempted to set aside the award was, that the arbitrators had refused to allow *Ridge* sufficient time to produce his evidence.

From the examination of one of the referees it appeared, that at their first meeting in *April* or *May* 1808, the parties were present, and certain documents relating to a transaction in the *West Indies* were read, particularly the deposition of *Richard Foster*, taken under a commission from this court, returned and filed the 10th *November* 1806. That on their second meeting, the 11th *July*, *Ridge* did not attend, but wrote to Mr. *Yard*, one of the parties, that he was not prepared, for want of papers. That on the 15th *September*, the referees again met, when the counsel of *Ridge* addressed to them a letter, stating that *Ridge* had never seen the evidence of *Foster*, until it was produced before the referees, and desiring further time to procure testimony. That they again met on the 5th *November*, when the counsel of *Ridge* a second time wrote for a continuance, *Ridge* not having obtained his testimony; and that they met finally on the 19th *November*, when they received a letter from *Ridge* himself to the same effect. On this day they concluded their award, having refused further time. *Ridge* did not personally attend either of the three last meetings.

*Brown*, for the defendant, read the affidavit of *Joseph Hutchinson*, the witness whom *Ridge* was desirous of opposing to *Foster*, stating his knowledge of the matter, his absence from *Philadelphia* for some months, and his arrival here on the 30th *November* 1808. He then contended that the referees had precipitated the hearing, contrary to the interests of justice and the rules of law. It was a case he said involving the character of his client; and all he desired was, that the same referees should hear this witness, who was now for the first time in the defendant's power.

*Tilghman*, in support of the award, said that the refusal of *Ridge* personally to attend the meeting of the referees, and confining the communication to letters, would alone have justified the referees in refusing time; for they had a right to question him upon any point they thought materially connected with his demand of time, to ascertain whether it was not an affectation of delay. But further, the letters did not state how much time he wanted, for what particular object he wanted it, what were his expectations of procuring testimony by delay, nor what pains he had before taken to provide it. He was in

fact guilty of laches at the outset; *Foster's* testimony had been nearly two years returned under a commission in his own suit, when it was first read to the referees, and had also been five months before them, when a continuance on that account was first asked.

*Hopkinson* replied, that no objection was made at the time to the absence of *Ridge*, or to his communications by letter. The referees had in fact acknowledged the propriety of the request, by granting time, but had erred in granting it for six weeks only, when a continuance in court would have given three months. *Hutchinson* was absent during the whole period of the reference, and returned ten days after the award. *Ridge* did not know of his evidence until the 15th *September*, the day on which his counsel asked for time to procure it. There were of course no laches in the case; and it results to the simple question whether reasonable time was allowed.

Tilghman C. J. The exception is that the referees have acted improperly in not giving further time. We think that the exception is not supported, because *Ridge* did not inform the referees what evidence he wanted, the reason why he was not able then to produce it, and that he expected to be able to produce it in a reasonable time. A court of justice would not have granted a continuance, unless all these circumstances had been satisfactorily shewn. This court must decide on general principles. It is to be distinctly understood that a naked allegation, that a party desires further time to produce testimony, is not sufficient. It would tend to infinite delay.

Per Curiam,                             Award confirmed.