## CALEB H. BLOOD *vs.* RICHARD A. SHINE.

Everything is to be presumed and every reasonable intendment made in favor of an award.

Where arbitrators agree on some of the facts, but differ with respect to others not connected with the first, there seems to be no good reason why the umpire, if he thinks proper, may not take those points on which the arbitrators agree to be as they report them, provided a re-examination is not required by the submission, or by either of the parties before he makes his award.

An award of payment of a specific-sum is sufficient without directing a release from the party to whom it is to be paid.

Though an award should not in terms decide all the matters submitted to the arbitrators, yet if the thing awarded necessarily includes the other things mentioned in the submission it is sufficient.

When an award does not fix the time of payment of the sum awarded, the money is payable immediately.

Error to Leon Circuit Court where this case was tried before Judge Baltzell.

*Archer*, for Plaintiff in Error:

The Court erred in refusing to admit the award in evidence and in deciding that it was void upon its face.

The award of the umpire Argyle is a valid award. He adopted the statement of accounts made and agreed to by the arbitrators, and proceeded to decide the other items about which the arbitrators disagreed. Having added both the sums together, he awards the total amount to the plaintiff. This the umpire had a right to do, and had he done otherwise he would have deviated from the usual practice in such cases. See Harman *vs.* Arthur, 1 Baily, 81.

" When the arbitrators have agreed on some facts, but differ with respect to others unconnected with the first, there seems to be no good reason why the umpire, if he thinks proper, may not take those points on which the arbitrators agree to be as they report them."— By the adoption of their conclusion they become his decision. See Kyd on Award, 102. 4 Term Rep., 589. 5 Barn. & Adolphus, 488. Watson on Arbitration & Award, 64. 1 Tomlin Law Dict. 144. Bates *vs.* Cook, 9 B. & C. 407.

The umpire may *thus* decide the *whole controversy.* At all events no objection to the award can be made on account of adopting the partial decision of the arbitrators, unless taken before award made, which was not done in this case.

As to the form of the award in this case, it is unobjectionable.— It is plain, intelligible, and to the point, and is in much better form than it would have been if the meaning of the umpire had been attempted to be expressed in technical legal language not understood by him. As now expressed, no doubt exists as to the amount awarded, and that was the object to be attained.

The Courts favor this mode of settling differences, and do not scrutinize the form of the proceedings of a Court of arbitrators. Their common sense and practical judgment may safely be relied on to obtain a just settlement of differences submitted to them. So it appears what is the decision made by such Court between the parties it matters not what is the form. Everything is presumed in favor of an award made like this under a bond of submission, and not under the order of a Court (where the Court may and does require some attention to form,) and the award is good if expressed in the form of an opinion. 4 Phillips Ev. 80.

As to the appointment by arbitrators of J. W. Argyle as umpire, it is made in accordance with the bond. But if it were not, the parties having acquiesced in the appointment would be bound by his award. The parties cannot appear before an umpire, submit their evidence, have a full hearing and after award made, object to his appointment. 4 Phillip's Ev. 80. Watson *vs.* Trower, 1 Ryan & Moody, 18.

*Hagner,* for Defendant in Error:

Before entering into investigation of errors assigned, I wish to lay down some principles applicable to the form of the submission in this case.

1st. I say that the scope of power and authority of the umpire is regulated by the submission, and is in this case as broad as that to the arbitrators originally. Parties may *submit* to umpire *all* matters, or only *such* as arbitrators differ upon. Billing's law of awards 106. 1 Comyns Dig. p. 678 at top.

Here the power to the umpire is co-extensive with that to arbitrators.

Caleb H. Blood, *vs.* Richard A. Shine.

The Umpire designed by the parties, was an umpire to be appointed *of and concerning the premises*, and to be the umpire between Blood & Shine. When appointed to take place of arbitrators. Watson on awards 56—63. 2 Dallas Rep., 271.

The umpire as well as arbitrators is the Judge of the parties and he ought to be appointed according to the submission and the powers there designed should be entrusted to him. Billings law of awards, 112.

Here in the case at bar what was his appointment? *He is appointed umpire between the arbitrators* as they disagreed on two items, and power only over that disagreement is given to him. Such was his commission, *this commission was void* 112.—and all actions under it of course *null.* Billing's law of awards, Kyd on awards 101, and cases cited p. 103. Tollit *vs.* Sanders, 9 Price 612, and case from year books 30 Hen. 6, cited by the Judges of Exchequer. Willis Rep. 268. Tarker *vs.* Kearny, 2 Barnard 317. 6 Harr. and John. 406. 4 Dallas Rep. 232.

Now if there was no appointment of an umpire *according to the submission* clearly the appointment made was a nullity, and it matters not if he did arbitrate on the whole causes of difference. Unless *duly* appointed to take charge of the whole, his action was void for the excess and as he could be appointed here but as umpire *of and concerning the premises*, not having been so appointed, his award was void. Void in its inception, it cannot be sustained by evidence *aliunde.* Watson on awards 115. For this reason we hold there was no error in the judgment.

The counsel for plaintiff in error insists that the Courts are more lenient to awards under submission bonds than where made rules of Court. Now the very reverse is the case. Courts will not on motion, where awards are rules of Court, set aside awards but leave parties to their action on the award. Watson on awards 155. 2 Dow. and Ry. 222, and also 2 B. & C. 170.

If I am right in my view of the commission here given to Argyle it is a matter of small moment to inquire whether he did adopt that the arbitrators had done. He had no such power, he was to decide the differences between the arbitrators themselves ; *he never was the umpire between the parties* nor was he *umpire of and concerning* the premises in the bond mentioned.

How idle then the attempt to sustain his action by evidence *aliunde.*

But the counsel insist that the umpire may take those points decided by the arbitrators and incorporate them with his own. The cases I have cited contradict this. 1 Baily South Carolina Rep. 81, is however cited to sustain it. By reference to it Judge Colcock it will be perceived sustains. it by Mr. Kyd's opinion p. 102 and that other case Hall vs. Lawrence, 4 T. R. 589.

See in what low esteem this case is held, 4 Dallas Reports before cited.

Yet giving 4 T. R. 589 full. power, it was in a case of rule of Court, where as I have shown the Courts are disinclined to set aside awards on motion, and all the Court did was to refuse to set aside on motion.

Mr. Kyd's opinion is not sustained by either English or American authorities.

Again the award set up is void, neither expressly nor impliedly awarding a release. 1 Saunders Reports 327 [a] note 2.

The declaration is defective. In the award set up no time is fixed for the payment of the money awarded, it is then payable on demand. Now in such case it is very clear, a special demand must be alleged and the general averment "although often requested," &c., will not suffice. 1 Saunders Rep. 33. Kyd on awards p. 295.

The award is not final, it does not make an end and determination of all matters contained in the submission. Watson on awards 126.

It is not mutual; all things are here awarded to be peformed by one party without such being in satisfaction of the matters in controversy. Watson on awards, 131.

By reason of the nullity of the award it is plain that Shine cannot have the advantage intended him, as a recompense or consideration for that which he is to do to the other party Blood. He has no release, even if he pay. The award for this reason is void in the whole. Watson, p. 136, 2 Saunders, 293, n.

Douglas, Chief Justice, delivered the following opinion:

This is an action of debt upon an arbitration bond by which the parties agreed to submit to the arbitrament and award of certain persons therein named, all and all manner of actions, cause or causes of action, bills, bonds, agreements, deeds, accounts, quarrels, controversies and demands whatsoever at any time or times theretofore,

Caleb H. Blood, *vs.* Richard A. Shine.

had, made, brought, prosecuted, done, suffered, committed or depending, by or between the said parties or either of them, of and concerning a partnership in a certain brick yard and the profits and losses thereof, and also any and all other demands, controversies, debts and transactions whatsoever. The arbitrators to make their award on or before the sixth day of May (then) next ensuing; but if the arbitrators did not make their award on or before that day then the said arbitrators (were) to appoint an umpire between the parties, &c. The arbitrators took upon themselves the burden of the arbitration and as appears investigated the transactions and accounts between the parties; stated an account and struck a balance for $1181 76 in favor of C. H. Blood, when they disagreed and appointed an umpire. In relation to which disagreement—appointment of an umpire and action of the umpire, the following entry appears as is shewn by the bill of exceptions which constitutes a part of the record in this case, next after the statement of the balance above mentioned, viz : " We the arbitrators disagree respecting C. H. Blood's account of $434 32-100 and R. A. Shine's offset of $125 and we name John W. Argyle as umpire." This is signed and sealed by all the arbitrators, dated Tallahassee, May 4th, 1844, and is succeeded by the following entry, to wit : " The umpire appointed by the arbitrators of the unsettled accounts of R. A. Shine and C. H. Blood and referred to him for settlement as per statement of the arbitrators annexed, reports the said accounts adjusted and stated as follows :

R. A. Shine,         To C. H. Blood,                    Dr.

To Balance as stated by the arbitrators on the 6th day
    of May 1844, annexed,    -    -    -    -    $1181 76
To amount of C. H. Blood's account,    -    -        434 32
                                                    _____
                                                    $1616 08
    Cr.
By Territorial Certificate signed Robert Armstrong,
    considered spurious,    -    -    -    -    $ 125 00
                                                    _____
                                                    $1491 08

This amount, one thousand four hundred and ninety one 8-100 dollars reported to the credit of and awarded to C. H. Blood.
    December 7th, 1844.    (Signed) John W. Argyle, umpire."
    At the trial of the cause in the Court below this award was of-

fered in evidence by the plaintiff, and was ruled out by the Court on the ground that it was void and incapable of being sustained by proof *aliunde*. No other evidence being offered on either side the jury rendered a verdict for the defendant upon which judgment was entered and the plaintiff in error now seeks to reverse that judgment on the following grounds which he has assigned as error, viz :

*First*, The Court erred in sustaining objections to the introduction of the paper writing offered in evidence, by the plaintiff mentioned in the bill of exceptions.

*Second*, The Court erred in deciding that said paper writing was void and incapable of being sustained by evidence *aliunde*.

*Third*, The Court erred in giving judgment for the defendant.

In ruling out the paper writing we think the Court erred. We do not perceive on what ground it can with propriety be declared void. It is contended on behalf of the defendant in error, that the umpire was not appointed of and concerning the premises, but it will be observed that the arbitrators in making the appointment, very properly abstained from attempting to limit his powers, which they had no authority to do. They said "we name John W. Argyle as umpire." His appointment being general, his authority is to be sought for in the arbitration bond on which this suit is founded. It was therefore, precisely what the parties thought proper to make it. In the case of Tollitt *vs.* Saunders, 9 Price's Exchequer Reports, 612, cited (and much relied upon) by the Attorney for the defendant in error, the arbitrators disagreed and appointed an umpire, not generally as here, not to decide between the *parties*, but to decide *between themselves*, and the Court, in declaring the appointment invalid, puts its decision expressly upon that ground.

Again, it is said that the umpire adopted what the arbitrators had done, and made that a part of his award. It is true he states the same balance which the arbitrators stated. It does not however appear but that he examined the testimony and came to the same conclusion to which they had come, as to the just and correct balance. But it is insisted that he did not re-examine the testimony and that his award is for that reason null and void. Neither of these objections appear upon the face of the award, nor is there any proof in the record to sustain them. And every thing is to be presumed and every reasonable intendment made in favor of an award. Archer *vs.* Williamson, 2 Harr. & Gill, 67. Richards *vs.* Brock-

Caleb H. Blood, *vs.* Richard A. Shine.

enbrough, 1 Rand. 449. Karthans *vs.* Ferrer, *et al.*, 1 Peters, 222. Coupland *vs.* Anderson, 2 Call 106. Fryching Canal *vs.* Frye 5 Greenl. Rep. 67.

But if the fact were as urged that the umpire did take the account as the arbitrators stated it in their report of the matter and incorporate it into his own, we see no reasonable objection to it. The Court of Appeals of South Carolina in the case of Executors of Finny *vs.* Miller, 1 Baileys Law Reps. 81, 82, held that " where arbitrators had agreed on the facts and only differ on a single point either with respect to the law arising on those facts, or as to the extent of the recompense to be made by one party or the other, or even where they agree on some facts, but differ with respect to others unconnected with the first (which is the case before us) there seems to be no good reason why the umpire if he thinks proper, may not take those points on which the arbitrators agreed to be as they report them."

The nature of their duty (said that Court) is to make a final decision upon the whole subject in dispute, where the arbitrators cannot do it, and by adopting their opinion as far as they agree and incorporating it with his own on the other part, he effectually makes the final determination. This case was cited and the principles which it maintains were sustained in the case of Lipsey *vs.* Hughes, 2 Bailey's Law Rep. 113, in which Mr. Justice O'Neal confirming the instructions to the Jury by Mr. Justice Gantt at Union Fall Term, 1830, said that the umpire may award upon the report of the arbitrators *without* re-examining the witnesses, unless he is directed to do so by the submission, or it is afterwards required of him by one or the other of the parties before he makes his award. (Harper and Johnson, Justices, concurred.) And this is in accordance with Hall *vs.* Lawrence, 4 Term Reps. 589, where the Court refused to set aside the award of an umpire because he received the evidence from the arbitrators, without examining the witnesses, he not having been required to re-examine them before the making of his award, and with the reasoning of Mr. Kyd in his able work on Awards page 102. Saulbury *vs.* Hodson, 2 Burr. 1474. 1 Black Rep. 463.

In this case there was no such requisition upon the umpire by the submission or either of the parties, and we fully agree with the learned Judge who pronounced the opinion of the Court in the case of Executors of Finny *vs.* Miller when he says. " If the parties are

Caleb H. Blood, *vs.* Richard A. Shine.

suffered to lie by, and after the award is made to avail themselves of these technical objections, you utterly destroy this admiral domestic forum."

It was further objected that this award is not mutual, that no release is awarded to Shine, &c. In regard to this we cannot do better than to adopt the language of Mr. Justice Trimble in delivering the opinion of the Supreme Court of the United States in the case of Karthans *vs.* Ferrer, *et al.*, 1 Peters Reps. 230.

It is deemed (he says) a sufficient answer to the objection of want of mutuality in the award, to remark, that great stress was laid in the early cases upon the mutuality of an award, but at present it is by no means considered necessary that each party should be directed to do or not to do any particular thing. Cald. on Arbi., 113. Two had submitted to an award ; nothing was awarded to one party, but that all actions should cease. The Court held it a good award. Harris *vs.* Knight, 1 Levintz, 58. In Palmers case, 12 Mod. 234, one party was directed to pay money to the other, without any directions being given to the latter any way. Again it was awarded that A. should pay B. 40 shillings for trespass, Freeman 204. These respective awards were held unimpeachable. In McKinstry *vs.* Solomons, 2 John. 57 and 13 John. 27 an award of payment of a specific sum is held final and sufficient without directing a release from the party to whom it was paid. And so in Byers *vs.* Van Denson, 5 Wendell 268.

Again, it is objected that the award does not embrace all the matters submitted, but it seems to embrace all the matters shown to have been in controversy and indeed in effect to settle all. In Smith *vs.* Demarest, 3 Halstead 195, it was held that though an award should not in terms decide all the matters submitted to the arbitrators, yet if the thing awarded necessarily includes the other things and matters mentioned in the submission it is sufficient. And in Jackson ex dem. Van Alen and Van Alen *vs.* Ambler, 14 John. 96, that although an award must decide on all the questions contained in the submission, yet it must appear that the points not decided upon were actually in controversy between the parties. Now it does not appear in this case that there was any matter in controversy submitted that was not decided, and " unless they were brought forward they were not to be decided." Jackson *vs.* Van Alen, 14 John. 107. Nor is it to be intended unless it be shewn. Smith *vs.* Demarest, 3 Halst. 198.

Caleb II. Blood, *vs.* Richard A. Shine.

It is to be presumed that the parties brought all the matters in controversy between them before the arbitrators, and all the matters brought before them were decided. In Coupland *vs.* Anderson, 2 Call's Reps. 100 the Court held that if cross suits be referred by the parties, a single award that one of them is indebted to the other in a balance of account, is sufficient to settle the whole controversy. But it is said the award does not fix the time of payment and that therefore a special request to pay was necessary. But when the award does not fix the day of payment the money is payable immediately. Imlay *vs.* Wykoof, 1 Southard 132, (cited in 1 United States Digest page 214—No. 370) and this is in accordance with the general principles of the law on this subject. The case of Brett *vs.* Ming, Florida Reps. 454 and authorities there cited fully recognise and sustain these principles. We are aware that upon some of these points different views have been entertained and conflicting decisions made. That being the case we must adopt those which seem to us to be most in conformity with reason and justice and most conducive to the general good.

The Judgment of the Court below must be and the same is hereby reversed, and the cause remanded to the Court below for further proceedings in accordance with this opinion.

*Per Curiam.*