Kintner and Others *v.* The State on the relation of Skelton.

Debt by *The State* on the relation of *S.*, the school commissioner of *Cass* county, against *K.*, the former school commissioner, and his sureties, upon the official bond of *K.* The declaration showed that *K.* had been elected to the office for three terms successively, and up to the time of the relator's appointment; and the suit was upon the first bond of *K.* A breach alleged was that *K.*, during his first term, received from the sale of school lands, &c., divers large sums of money, which he wasted and converted to his own use during said first term, and that, although specially requested by the relator, as his successor as aforesaid, to pay the same to him, *K.* refused to do so. *Held,* that the breach sufficiently negatived a payment of the money by *K.* to his immediate successor, viz., himself.

In debt upon a bond with conditions, a general demurrer to the entire declaration will not be sustained, if one of several breaches assigned is sufficient.

In a suit upon the official bond of a school commissioner, after an interlocutory judgment for the plaintiff, the inquiry of damages was submitted, by agreement of the parties, to referees. *Held,* that the submission was authorized by the R. S. 1843.

In debt upon the official bond of *K.*, a school commissioner, and his sureties, for the wasting and converting by *K.* to his own use, during his term of office, of certain large sums of money derived from the sale of school lands, &c., the defendants produced the record of the board of commissioners, and a report of *K.*, showing a statement of his accounts with the several townships, which had been filed and recorded, and offered the same in evidence. *Held,* that the evidence was properly rejected.

In the suit upon said bond, breaches were assigned that *K.*, during his said first term, received from the sale of school lands, and for interest on the loan of school funds, divers large sums, &c., and that he refused to render an annual account of the moneys received and disbursed during his said term. After an interlocutory judgment for the plaintiff, the assessment of damages was submitted, by agreement, to the award of arbitrators. The award returned showed a specific amount found due from *K.* of principal and interest received, and paid into the hands of

*K.*, on school lands sold and not accounted for, and of surplus revenue and interest received by *K.* and not accounted for; and the award also contained a separate assessment of damages in other cases against *K.* *Held,* that the award was sufficiently certain. *Held,* also, that it was not objectionable for containing the assessment of damages in other suits—that being mere surplusage.

A judgment upon the award of referees may properly include interest from the time of the award till judgment is rendered thereon.

ERROR to the *Cass* Circuit Court.

S<small>MITH</small>, J.—Debt by *The State* on the relation of *Skelton,* school commissioner of *Cass* county, against *Kintner, Ewing, Dale, Fitch, Heth,* and *Cradock,* on the official bond of *Kintner* as former school commissioner of the same county.

The declaration avers that *Kintner* was elected school commissioner at the *August* election in 1836, and on the 31st of *August,* 1836, he, with the other named defendants, and one *McBean,* who has since died, as his sureties, executed the bond sued upon.

The bond was for the sum of 20,000 dollars, and was conditioned that the said *Kintner* would " truly and faithfully discharge the duties of the office of school commissioner, for the county of *Cass* aforesaid, during his continuance in said office, and would, at the expiration of his term of service, pay over, to his successor in office, all moneys which might be, at that time, in his hands for the use of town schools in the said county, and which might come to his hands by virtue of his said office."

There is a suggestion that the bond is defective in being for 20,000 dollars, when it should have been for 10,000 dollars, and that it should have been conditioned for the faithful discharge of the duties of his office, and for the delivery of all moneys and *papers* which might come to his hands. No question is, however, raised as to these defects.

It is averred that *Kintner* entered upon the duties of his office on the 3d of *September,* 1836, and continued in office, under said election, until *August,* 1839, when he was re-elected, and in *May,* 1840, executed another official bond; that he continued in office, under his second

*Friday,*
*November* 28.

election, until *August*, 1842, when he was again re-elected, and, in *September* following, filed a new bond; that he continued in office, under his third election, until the 23d of *August*, 1844, when he resigned, and *Skelton* was appointed his successor.

There are seventeen breaches assigned.

The first breach alleges that *Kintner*, during the period of his first term of office, received from the sale of school lands, and for interest on loans of school funds, divers large sums of money, which he wasted and converted to his own use during the said term, and that, although specially requested by *Skelton* to pay the same to him, as his successor, in 1844, he refused to do so.

The second breach alleges that he refused to pay said moneys, or any part thereof, to the township trustees, though said trustees annually drew drafts upon him for the interest belonging to the township.

The 3d, 4th, and 9th breaches were *non-prosed*.

The 5th, 6th, 7th, 8th, 10th, 11th, 12th, 13th, 14th, and 15th breaches are similar to the first, varying only in the amounts of the sums of money stated to have been received by *Kintner*.

The sixteenth breach alleges that *Kintner* failed to render an annual account of the moneys received and disbursed during his said term to the board of county commissioners.

The seventeenth, that he failed to keep a separate account of the moneys received by him as principal and interest.

There is a general averment at the close that the penalty of the bond remained unpaid.

At the *August* term of the Circuit Court in 1845, the defendants filed a general demurrer to the declaration, which was overruled, and the defendants declining to answer further, an interlocutory judgment was rendered and a writ of inquiry ordered.

At this stage of the case, it was agreed by the parties, in Court, that the inquiry and assessment of damages should be referred for adjustment and settlement to *Peter*

*Anderson*, *Chauncey Carter*, and *Philip Pollard*, referees, mutually chosen by the parties, and that their report or award should be returned at the next term of the Court, and should be deemed and taken of the same effect as the verdict of a jury.

<div style="float:right">Nov. Term, 1851.

KINTNER
v.
THE STATE.</div>

Said referees accepted the appointment, and were duly sworn; and it was agreed by the parties that they should meet on the second *Monday* of *June* next ensuing, should have power to adjourn from time to time, and should make their report at the next term.

At the *February* term, 1846, the parties appeared, but the referees having failed to make a report, by agreement, the time for making a report was extended to the next term.

At the succeeding *August* term, by agreement of the parties, the time for making a report was again extended.

At the next ensuing term the referees reported as follows:

"The undersigned, *Peter Anderson*, *Philip Pollard*, and *Chauncey Carter*, appointed by your Court, at the *August* term thereof, in the year 1845, to assess the damages in three several suits or judgments, wherein the *State of Indiana*, on the relation of *John O. Skelton*, school commissioner, is plaintiff, and *James Kintner* and others are defendants, and subsequently reappointed at the *February* and *August* terms, 1846, respectfully report that they have discharged that duty to the best of their judgment and ability, and do hereby award and assess the amount due from the said defendants to the school fund of the county of *Cass* as follows:

"On the bond executed as school commissioner by the said *Kintner* and his securities, on the 31st day of *August*, 1836, there is due for principal received and paid into the hands of said *Kintner*, on school lands sold and not accounted for, the sum of 1,046 dollars and 82 cents, the interest on which amount is 471 dollars and 7 cents. Also, that there is due as aforesaid the sum of 1,637 dollars and 7 cents, being the amount of surplus revenue and interest received by said *Kintner* and not accounted

Nov. Term, 1851.

KINTNER
v.
THE STATE.

for, making, in all, the sum of 3,154 dollars and 96 cents, the amount due on the first bond, dated *August* 31st, 1836."

Here follow further awards of sums due on the two other bonds, after which the report concludes as follows:

"The undersigned further state that, in the estimates which produce the results above stated, they did not undertake to judge of the legality of any loans made by said commissioner, but allowed and passed to the credit of said *Kintner*, as commissioner, all the securities or evidences of loans delivered by said *Kintner* to his successor or to the county auditor, except one note of hand said to have been executed by said *Kintner* and *Joseph Douglass*, on the 10th of *July*, 1836, for the sum of 331 dollars and 93 cents, which note if now in the hands of the present school commissioner or any other officer of the county, (of which the undersigned have no evidence,) should be delivered to said *Kintner*, he having been charged with the amount of the same in the foregoing settlement. All of which is respectfully reported. *March* 1st, 1847."

After this report was filed, the cause was continued to the *October* term, 1848, when the plaintiff entered a *remittitur* as to so much of the award as included the amount of the note made by *Kintner* and *Douglass*, with the interest, making, in all, 544 dollars and 39 cents, and the Court ordered a credit to that amount to be entered on the award.

The defendants then made a motion to have the award set aside, which was overruled, and a judgment was rendered against the defendants for 2,871 dollars and 63 cents, which sum was found by deducting the amount remitted and adding interest on the balance from the time of the award to the date of the judgment.

Several objections are raised by the plaintiffs in error to the proceedings in this case.

They contend that the Court below erred in overruling the demurrer to the declaration, on the ground that no sufficient breaches are assigned. The objection made to

those breaches, which aver a receipt of school funds by Kintner, during the term of office for which the bond sued upon was given, and that he wasted and converted those funds to his own use, during said term, is, that they do not negative a payment over to his immediate successor, that is, to himself, after he was re-elected. Such an averment was not necessary. It is averred that he wasted and converted said money, during his then term of office, and this sufficiently negatives any legal settlement or accounting therefor, which would have amounted to a faithful performance of his duties during that term. If, upon the trial, it had been proved that he faithfully accounted, in any manner, for all the money received, during his first term, after his re-election, the averments in these breaches would not have been sustained. But the securities upon the bonds, given by him, on being re-elected the second and third time, would not be answerable for defalcations which occurred wholly during previous terms. Some of these breaches, at least, are sufficient, and as the demurrer is a general one to the whole declaration, it was rightly overruled.

The next objection is, that the inquiry of damages, after an interlocutory judgment, could not be legally submitted to referees. We think the statute authorized such a reference by consent of the parties. R. S. c. 45, s. 22, p. 791.

One of the reasons assigned by the defendants in the Court below, in support of their motion for setting aside the award, was the following :

"That said *Kintner*, on the 9th of *May*, 1840, reported the situation of the funds in his hands, to the commissioners of *Cass* county, and, previous to said time, had been re-elected to said office and filed his official bond, and, at the day aforesaid, there was no default by said *Kintner*."

The record of the county commissioners was produced, and a report of *Kintner*, showing a statement of his accounts with the several townships, which had been filed and recorded, was offered in evidence, but was

Nov. Term, 1851.

KINTNER
v.
THE STATE.

rejected by the Court. There can be no doubt that this report was properly rejected. Without proof of the items contained in it, it could not have been used, at any stage of the proceedings, as evidence for the defendants.

Several objections are made to the form and contents of the award, all of which, we think, are untenable. The report contains some superfluous recitals, perhaps, but the award made is sufficiently certain and explicit as to the matters involved in this suit, and if the parties chose to submit to the referees the adjustment of the accounts of *Kintner* in two other suits, there can be no reasonable objection to the award because the report contained, also, the damages assessed in those suits.

The judgment is objected to because interest was added to the amount of the sum awarded. This objection is, also, untenable. If a judgment had been rendered at the time the award was made, interest would have accrued upon it as a matter of course. The defendants, therefore, are not injured by the addition of such interest, while it would be clearly unjust to the plaintiff to compel him to lose the interest on his debt during the delay caused by the motions of the defendants.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*O. H. Smith* and *S. Yandes*, for the plaintiffs.

*J. Sullivan* and *D. D. Pratt*, for the defendants.