Nov. Term, 1855.

SCEARCE
v.
SCEARCE.

*W. W. Carson,* for the appellant.

---

### SCEARCE *v.* SCEARCE.

An award that one of the parties to the submission shall pay so much to the creditor of the other party is good; and a suit may be maintained by the creditor for the sum awarded.

The circumstance that the party directed to pay such sum is by virtue of an assignment the trustee of the adverse party, for the benefit of his creditors, does not make a demand of the sum awarded necessary before suit brought.

Questions arising in the record were treated as waived by not being noticed by counsel, under a rule of the Court.

APPEAL from the *Hendricks* Circuit Court.

DAVISON, J.—Assumpsit by *Stephen Scearce*, the plaintiff below, against *Ezra W. Scearce*, who was the defendant, for money had and received, money paid, money lent, and money due on an account stated. Plea, the general issue. The Court tried the cause and found for the plaintiff. New trial refused and judgment.

The case is this. *Armstead Doss*, on the 9th of *May*, 1848, executed to *Ezra W. Scearce*, the defendant, a deed, whereby he sold and delivered to him certain goods and chattels, in trust for his, *Doss's*, creditors therein named, among whom was *Stephen Scearce*, the plaintiff. The deed empowered the defendant to dispose of the property, and then to make a *pro rata* distribution among said creditors. On the 1st of *November*, 1849, *Armstead Doss* and *Ezra W. Scearce* agreed in writing to submit all the matters of difference then existing between them to the arbitrament and award of *W. C. Bullock*, *Henry Bohanon* and *Thomas J. Throp*, or any two of them. It was further agreed that said arbitrators make a full and complete settlement of the matters embraced in said trust deed, and fix the amount paid by *Ezra W. Scearce* to each creditor, and the amount due to each under the deed. Pursuant to this submission, the arbitrators took upon themselves the burthen of the reference, and having investigated the several matters included in the deed of trust, found, *inter alia*, that *Stephen Scearce*, as a creditor of *Doss*, was entitled to 371 dollars, out of the monies then in the hands of *Ezra W. Scearce* derived from said trust property; and, in accordance with such finding, they rendered an award upon which this suit is founded.

It is said, in argument, that *Stephen Scearce*, the plaintiff, not being a party to the submission or in any way connected with the arbitration, the arbitrators had no power to award to him any sum whatever. But it has been decided that "if persons comprehended in the award are in contemplation of the submission, though not directly parties to it, yet the award is valid." *Macon* v. *Crump*, 1 Cal. 575. If this decision be correct, and we

think it is, the above position is untenable, because *Stephen Scearce* was not only contemplated, but actually named in the submission.   However, as a general rule, the award should not extend to any one who is not a party to the agreement to submit.   There is, indeed, an authority to the effect that an award is void which directs money to be paid by one of the parties to a third person. 10 Coke's R. 131, b.   But this must be understood to hold only when such payment can be of no benefit to the other party; for "an award that one of the parties to the submission shall pay so much to the creditor of the other party, is unquestionably good."   Bacon's Ab., tit. Arbitration, E.—Caldwell on Arbitrations 100.—1 Ld. Raymond 123.—*Boston* v. *Brazer*, 11 Mass. 447.   These authorities seem to favor a distinction between the case of an act awarded to be done by a stranger to the submission, and that of an act awarded to be done to him by a party.   In the latter case, the award is said to be valid.   We think the award before us is not objectionable.   *Stephen Scearce*, it is true, was not a party to the submission; but the 371 dollars was awarded to him as a creditor of *Doss*, who was a party.   Hence it was an award that one of the parties, viz., *Ezra W. Scearce*, should pay a certain amount to the creditor of the other in discharge of a debt.   The case is therefore within the rule above stated.   The arbitrators having acted within the scope of their authority, it would, in our opinion, be difficult to find a good reason why the award should not be held effective.

But the appellant assumes another ground for the reversal of the judgment.   It is said that the amount found by the arbitrators being in the hands of *Ezra W. Scearce* in his capacity of trustee, the plaintiff should have averred in his complaint, and proved on the trial, a demand on the trustee, before suit, for the sum awarded.   No such averment or proof appears in the record.   Still, it seems to us, that the objection is not well taken.   The present is in nothing different from the ordinary case of one person having received money for the use of another.   The defendant's liability is based on the award, which, in effect,

directs him to pay the plaintiff 371 dollars unconditionally; and being a party to the submission, he must be presumed to have had full notice of the award and its requirements. We are advised of no principle applicable to the facts of this case, upon which the plaintiff can be held to an averment or proof of a demand before suit. 1 Chitty Pl. 329, 330.—1 Saund. Pl. and Ev. 131.—Caldwell on Arb. 195.

The above being the only points made in the cause, we shall consider all others as waived by the appellant. See rule 28 of this Court.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. M. Gregg* and *C. C. Nave*, for the appellant.
*J. W. Gordon* and *J. Witherow*, for the appellee.