JOHN DENMAN, Appellant, *v.* AUGUSTUS J. BAYLESS, Appellee.

APPEAL FROM McLEAN.

Unless the submission requires it, it is not necessary that an award should be published, or that notice of it should be given to the parties. Nor need it be in writing.

The terms and directions of the submission, should control the arbitrators.

It is not error to refuse to let one of the arbitrators testify, that he did not intend to surrender the award, after it had been agreed upon and signed, unless the losing party should consent.

THIS was an action of debt, commenced by Bayless against Denman in the McLean Circuit Court, on an award.

The declaration contains a special count on the award, and the common counts.

To which declaration the defendant pleaded the general issue; and gave notice as follows: The plaintiff will take notice that under the above plea that the defendant will offer evidence and insist that the award sued on and set up in plaintiff's declaration, was made up and had by collusion and fraud of the plaintiff and Dolman, and a majority of the arbitrators, or with some of them, and for that reason, that the same is not binding upon defendant. That defendant had no notice of the time or place of meeting of the arbitrators, and no hearing of the matters in difference before them, between the plaintiff and defendant; that the award sued on was never published as the award of the arbitrators.

The cause was submitted to a jury, who returned a verdict for plaintiff; whereupon the defendant moved for a new trial, which motion the court overruled, and entered judgment for the plaintiff below, for the sum of two hundred and forty dollars, debt, and one cent, damages.

The defendant below prayed an appeal to the Supreme Court.

Bayless, the plaintiff below, proved, on the trial of said cause, the signature of Augustus J. Bayless, John Denman, John W. Hanson, Samuel Watson, and John A. Dolman, to the submission, appointment of umpire, and award; and then the

plaintiff gave in evidence the submission, written appointment of umpire, and award, and then proved by *Samuel Watson*, one of the arbitrators, that John A. Dolman was the umpire, and that he and the other arbitrators all signed the award.

Watson, on cross-examination, testified that Bayless and Denman both appeared before the two arbitrators, named in the submission, and then made statements that the two named in the award could not agree: that then Dolman was brought in by Bayless; that they selected him as umpire; that Dolman was the most active in making out the award; that Denman was not present after Dolman was selected as umpire, nor was he present when award was made; that no evidence was given before Dolman; that the matter was talked over alone; that they all three signed the award, and that he took it for the benefit of the parties, and locked it up in his safe. He further testified, on cross-examination, that he did not know how the award was taken from his safe; that he never delivered it either to Bayless or Denman, or anybody for them. The defendant then offered to prove by Watson, that he never intended to deliver the award as the award of the arbitrators, unless Denman was willing and assented to the award, and that he never delivered the award, and never should have done it until he had seen Denman and inquired of him about it, which he never did do; to the offering of which testimony the plaintiff then and there objected, which objection was sustained by the court. To which decision the defendant then and there excepted.

There was nothing in the submission, requiring the award to be in writing, or requiring a notice to be given to the parties.

The errors assigned are:

1st. That the court erred in not granting a new trial.

2nd. That the court erred in rejecting the testimony offered by the appellant, the defendant below.

J. M. Scott, for Appellant.

W. B. Scates, and R. E. Williams, for Appellee.

Breese, J. The appellant insists that to make the award binding on him, it should have been published, and reference is made to 1 Greenleaf Ev., sec. 75; 9 Mass. R. 198, and 15 Johns. R. 197.

It is said by Greenleaf, in his Treatise on Evidence, that it is essential to allege and prove that the award was published, and an award is published whenever the arbitrators give notice that it may be had on payment of the charges. (Greenleaf Ev., sec. 75.)

For this doctrine, reference is made to the case of *Kingsley* v. *Bell*, 9 Mass. R. 198. In that case it was held, that a declaration containing no allegation that the award was published, or made known to the defendant, except by bringing the action, was fatally defective. This is so, doubtless, when publication is provided for by the submission, not otherwise. It was said in *Hodsden* v. *Harridge*, 2 Saund. R. 62, note (4), That an averment that the defendant had notice of the award was not necessary, unless it be expressly stipulated in the submission that the award should be notified to the parties, for it is a general rule that when a matter does not lie more properly in the knowledge of one of the parties than the other, notice is not requisite. We would therefore understand, that in the case of *Kingsley* v. *Bell*, it was provided in the submission that the parties should be notified of the award.

In *Sellick and Sellick* v. *Adams*, 15 Johns. R. 197, the parties expressly stipulated in the submission, that "the award of the said arbitrators or any two of them, be made and set down in writing under their, or any two of their hands and seals, ready to be delivered to the said parties in difference on or before the 18th of July next ensuing."

In this case, the submission does not require the award shall be in writing, or any notice, whatever, given of it.

The publication of an award by giving parties notice of it, are matters of agreement between the parties to the submission, and unless it is so provided, it is neither necessary to publish it or give notice to the parties.

Neither is it necessary to make the award in writing, unless required by the submission, and therefore a parol award on a submission in writing, would be good. Watson on Arbitrations and Awards, 89.

All that is requisite for arbitrators to do, is to regard the terms and directions of the submission, and follow them, so that when the submission provides that the award shall be in writing, under the hand of the arbitrator, the award to be valid must be under the arbitrator's hand as well as in writing. When it is to be in writing under the hand and seal of the arbitrator, an award in writing only is insufficient. Therefore unless prescribed by the submission, the award need not necessarily be in writing, for a verbal award is perfectly valid. Russell on the Power and Duty of an Arbitrator, 206–7.

Upon the point made by appellant, that certain testimony offered by him was excluded, we have only to say, it was of such a character as to justify the court in so ruling. He proposed to prove that one of the arbitrators, who both agreed to and signed the award, and who took charge of it for the benefit of the

parties, never designed to deliver the award without the consent of the appellant.

The very idea is monstrous—that an award duly made and signed, and delivered by the arbitrators to one of their body, or to any other person for the benefit of the parties, shall be defeated if the unsuccessful party shall not agree to it! And what is to be thought of an arbitrator who shall swear that although he agreed to the award and signed it, yet he never intended that the party in whose favor it was made, should have the benefit of it, without the other party consented to it. It is strange indeed that it should be supposed the unsuccessful party has any consent to give or withhold. He is bound by the award, and an arbitrator cannot consider the wishes of either party, in regard to the award, after it is agreed upon and signed. Like a juror when he has made up and rendered his verdict in the case, his power is gone, and his verdict must stand. The court properly rejected all such testimony—it had nothing to do with the case, and in no way affected the right of the plaintiff to recover.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*