No. 9212.

RUSSELL v. SMITH.

ARBITRATION.—*Presumption.—Award.*—The adjustment of disputes by arbitration is favored by the law, and, therefore, every reasonable presumption will be indulged in support of an award.

SAME.—An error of judgment by the arbitrator will not vitiate his award.

SAME.—*Pleading.—Misconduct of Arbitrator.—Evidence.—Partnership.—Agent.*
—Partners, on dissolution, placed the assets in the hands of one mutually chosen, and by written agreement authorized him to collect all moneys due the firm and apply the assets in payment of its debts. They also agreed that he should decide all disputes between them as partners, and that he should state an account between them, as such, with how much either ought to pay the other; and that his decision should be conclusive, and the amount awarded should be paid. Power was given him to examine the partners and other witnesses under oath as to any matter in dispute. He made an award in the mode provided, by stating an account in writing, showing a sum due from one partner to the other. In a suit on this award it was pleaded that he had refused to collect claims due the firm, which were solvent but had since become worthless, sufficient to have satisfied any sum due from the defendant; and that he had refused to hear evidence which the defendant requested him to hear, and which he could produce, that would have proved that the defendant owed nothing.

*Held*, that no neglect of his duty in his capacity as agent of both parties in collecting debts could affect the validity of his award as arbitrator.

*Held*, also, that as the answer failed to show a refusal to hear any evidence *offered*, or that the arbitrator was informed of the nature of it, and only its legal effect, instead of the evidence itself, was shown by the answer, it was bad on demurrer.

SAME.—*Notice.*—*Demand.*—In such case, neither notice of the award nor demand of payment need be averred or proved.

SAME.—*Misconduct.*—Partiality or favoritism of an arbitrator is misconduct for which his award may be set aside; but it must be shown in what it consisted, and that the complaining party was injured by it.

SAME.—*Interest.*—Where, by an award, a liquidated amount is due and payable from the signing of the award by the arbitrator, without notice or demand, in an action on the award, interest from its date may be recovered.

From the Floyd Circuit Court.

*J. H. Stotsenburg, D. W. LaFollette* and *W. W. Tuley,* for appellant.

*A. Dowling,* for appellee.

BLACK, C.—The appellee sued the appellant, the complaint being in two paragraphs. The first paragraph alleged, in substance, that the appellee and the appellant had been partners in the business of booksellers and stationers in the city of New Albany; that said copartnership was dissolved by mutual consent on the 1st of January, 1877; that at the time of said dissolution, and thereafter, disputes arose between said parties as to the rights and duties and respective obligations of said members of said late firm; that, for the purpose of settling the business of said co-partnership amicably and without resort to the expense, delay and uncertainty of legal proceedings, said parties, on the 28th of December, 1878, entered into an agreement in writing, the stipulations of which were recited in this paragraph. The agreement was also made an exhibit, and was as follows:

"This agreement made this 28th day of December, A. D. 1878, between George W. Smith and Llewellyn Russell, late members of the firm of Smith & Russell, booksellers and stationers, witnesseth that the said firm of Smith & Russell has been dissolved by mutual consent, and disputes have already arisen and may hereafter arise between said parties as to their rights and duties and respective obligations; in order to prevent such disputes and to settle the business of said partnership amicably and without resort to the expense, delay and

uncertainty of legal proceedings, the said parties hereto do mutually agree and covenant with one another as follows:

"*First.* That all the books, papers, notes and accounts and assets, with property of every kind, character and description, belonging to the late firm of Smith & Russell, be and they are hereby turned over to and put in the possession of Salem P. Town, Esq., mutually chosen by the parties as sole referee and arbiter of all matters now in dispute, or that may hereafter be in dispute, with reference to said partnership, or its affairs, as between the parties hereto; and each party shall at once put said Town in possession of all the choses in action and property of every kind of said late firm above named, which he may have or which may be under his control.

"*Secondly.* The said Town shall have power, at any time, to examine on oath the parties hereto, and any other persons he may deem necessary to examine, in the presence of, or after one day's notice to, either party of the time and place he may fix for such examination, upon any question connected with the said partnership; and his decision upon any disputed point shall be final, conclusive and binding between the parties hereto.

"*Thirdly.* The said Town shall collect all moneys due said firm in the name of said firm. He shall pay all debts due to any person or persons other than the parties hereto, from said firm, with the assets of said firm collected or to be collected, as far as they will pay them, taking proper vouchers therefor. He shall also ascertain and state in writing the account between the parties hereto as partners, and how much, if anything, is due to the said firm from either partner, and how much is due either partner from the other on account of said partnership, and how much either party hereto ought to pay the other, if any, on account of said partnership and the settlement of its affairs; and his decision on each and all of the matters herein stated shall be final and conclusive upon the parties hereto, in the same manner as if they had mutually agreed thereto.

"*Fourthly.* Just as soon as said Town has settled the affairs of said partnership and stated the duty and liability of each partner, the parties hereto agree and covenant with each other at once to comply with and perform any duty enjoined upon them relative thereto by said Town, and to pay any sum fixed by him as due from them or either of them, to said firm or to any member thereof by reason of said partnership and its affairs; and in case of failure or refusal to do so, they also covenant and agree with the other that the amount of liability so fixed shall be held and treated as liquidated damages.

"*Fifth.* For his services as such referee and arbiter, the parties hereto agree to pay said Town a reasonable compensation, share and share alike. ·          G. W. SMITH.

"L. RUSSELL."

The first paragraph of the complaint further alleged, that said Town, as such referee and arbiter, fully performed and discharged his duties under the said agreement, and ascertained and stated in writing the account between said parties, and found, decided and awarded, under the submission aforesaid, that nothing was due to said firm or to the appellant from the appellee, but that the appellant was indebted to the appellee on account of said partnership, and ought to pay to the appellee, $755.50; a copy of which award is made an exhibit. It is alleged that the appellant is justly indebted to the appellee in said sum, upon and by virtue of said award so made, etc., yet the appellant, though often requested, fails and refuses, etc. The award exhibited, signed by said Town as referee, is entitled, "In the matter of the settlement of the partnership affairs of," etc., and purports to be an amended finding of said Town as referee, who states that he finds, upon a thorough investigation of said partnership affairs, as between the parties, certain itemized indebtedness of the appellant, which, after subtracting certain sums, to the deduction of which appellant is said to be entitled, amounts to $744.10, which sum is found to be due from the appellant to the appellee. It is stated in the award that, "As to the undivided assets remain-

ing, the same are to be divided equally between the parties, the nominal value of which is $2,642.44, share and share alike."

The second paragraph alleged the partnership and its dissolution, the existence of disputes between the parties concerning their rights and duties as members of the firm, the making of the written agreement of December 28th, 1878 (which is also made part of this paragraph), to submit all matters in difference between them concerning said partnership and the settlement of its affairs to the decision, order and determination of said Town; that it was stipulated in said agreement that the parties would comply with and perform any duty enjoined upon them relative to said settlement, and that each of them would pay any sum fixed by said Town as due from them, or either of them, to said late firm, or either member thereof, by reason of said partnership and its affairs, and that in case of failure or refusal to comply with any duty so enjoined by said Town, as such arbiter and referee, or to pay any sum of money found by said Town to be due and payable, the amount of such liability so fixed by said Town, if in writing signed by him, should be held and treated as liquidated damages; that said Town found that there was due to the appellee from the appellant, on account of said copartnership and its affairs, the sum of $755.50, and upon and by virtue of said submission and reference the said Town found, awarded and fixed in a certain writing by him signed the indebtedness and liability of the appellant to the appellee at and in said sum. The copy of the award made an exhibit to the first paragraph is made part of the second paragraph also; and it is further alleged that said sum is due and unpaid, and that the appellant, though often requested, has failed, etc.

The appellant demurred to each of these paragraphs, and the demurrers were overruled. He answered in four paragraphs, the first being a general denial.

The second paragraph, which is pleaded for an "answer to the complaint and by way of cross complaint," alleges, in substance, that it was the duty of Town, the referee, under

and by virtue of the agreement set out in the complaint, before stating the liabilities of either the appellee or the appellant by reason of the partnership, to collect all the moneys due to the firm of Smith & Russell, and to pay the debts due from said firm to any person or persons other than the parties, with the assets of said firm, taking vouchers therefor; that the assets of said firm, at the time Town accepted the position of referee under said agreement, amounted to over $3,000, and were more than sufficient to pay all the debts of said firm, and also whatever amount might be due from either one of said partners to the other; and if said Town had used reasonable and ordinary diligence in collecting the assets of said firm he could have collected enough money from the debtors of said firm to pay all the debts of said firm and also whatever was due from either of said parties to the other; that said Town, the referee, by a mistake in judgment, in violation of his duties as such referee, failed and peremptorily refused to collect any of the moneys due to said firm, or to pay the debts of said firm and to settle therewith the account between said parties, or to take any steps whatever to collect the assets and pay the debts of said firm, although the assets of said firm which he ought to have collected, if he had made a reasonable effort to do so, would have paid all the debts of said firm and would have left a surplus due to this defendant more than sufficient to pay the amount sued for herein; and since said refusal said assets have become uncollectible and worthless; that power was given to Town, under said agreement, to examine the parties and other persons upon any question connected with said partnership, and that before any report was made by said Town or his examination of the state of the accounts between the parties was finished, and while said Town had ample time to hear testimony and inform himself of the real and true state of the accounts between the parties by means of the evidence of the appellee and appellant and other competent witnesses, if he had seen fit to do so, the appellant applied to said Town to examine

Russell v. Smith.

the parties and other competent witnesses, under oath or without oath, as he might see fit, with reference to the state of the accounts between the parties and as to the amount of cash received or taken by the parties, and said Town peremptorily refused to examine the parties, or either of them, under oath, or any of said witnesses; and if said Town had examined the parties and the witnesses named to him by the appellant, all of whom the appellant was ready and able to bring before said Town for examination at any time fixed by him, said Town would have found by a preponderance of evidence that there was nothing whatever due to the appellee from the appellant as set out in the complaint; and that by reason of said mistake in judgment of said Town the appellant was prevented from introducing any evidence whatever to explain and show the real state of the accounts between the parties, and to show that nothing was due to the appellee from him, as he could and would have shown had his request as aforesaid been granted; that, upon a true statement of the accounts between the parties, nothing whatever was due to the plaintiff from the defendant. Prayer that the finding and report set out in the complaint be set aside and vacated, and for other proper relief.

The third paragraph of the answer alleged that before the commencement of the action the "defendant paid to, and said plaintiff collected out of the assets of, said firm a sum more than sufficient to pay the amount alleged to have been found by said Town as due from this defendant to the plaintiff."

The fourth paragraph, also pleaded for an "answer and by way of cross complaint," alleged in substance that said Town, the referee, although requested so to do by the appellant, refused, in violation of his duties, and out of partiality to the appellee, to hear any explanations and statements, either oral or written, of the appellant, or of any witnesses upon his part offered, with reference to the matters submitted to him under said agreement, although said request was made long before the commencement of this suit, and in ample time to have all the parties present and to give more than ten days' notice to

the appellee, and before any finding or conclusion had been made or arrived at by said referee, and while there was abundant opportunity to hear and consider such evidence without inconvenience to the referee or the parties; that if such request had been granted, appellant would have shown to said referee, by positive and convincing and uncontradicted proof, that there was no shortage of cash due to said firm from the appellant of $792.10, as charged in said referee's finding and in the complaint, or any sum whatever, and that the appearance thereof upon the book was a mere appearance only, not existing in fact, and that the same had been fully settled and accounted for long before said Town was appointed such referee, by the full consent, agreement and settlement of the appellee and appellant, and that the appellant was not the cashier of said firm of Smith & Russell at any time, but that the appellee, and appellee's son as well, handled the cash of the firm and had access at all times as cashiers, as fully and absolutely as the appellant, and that any cash short, if any was short, was the fault of the appellee and his son, who acted entirely for the appellee, and for which they should be made to account to said firm; that said referee, in making his finding sued on herein, did not look to any other source of information or accept or hear any other evidence than the books of said firm; and although they were imperfect and unreliable and incorrect, especially as to the showing of any indebtedness from the appellant to the appellee, said Town refused to hear any evidence as to their incorrectness, and made his finding exclusively upon the showing of the said books; that if the appellant had been permitted by said Town, as such referee, to prove said facts as above set out, as appellant could have done and offered to said Town to do, by full, competent and irrefragable testimony, which could not have been contradicted or impeached, said Town would have been bound to find, under said agreement, for and in favor of the appellant; but by reason of said Town's misconduct in refusing to hear the appellant and his witnesses, and by reason of his

favoritism and partiality to the appellee, as above set out, the appellant was deprived of his defence to the appellee's invalid claim, and of his right to show that he owed nothing to said firm.   Prayer as in the second paragraph of the answer.

The appellee replied to the third paragraph of the answer by a general denial, and demurred to the second and fourth paragraphs, the demurrer to each of which was sustained.

The cause was tried by the court.   There was a finding for the appellee in the sum of $733; and a further finding of the sum of $62 interest from the date of the referee's report to the date of the finding of the court.   A motion for a new trial, made by the appellant, having been overruled, judgment was rendered upon the finding.

To so much of " said finding and judgment " as awarded to the appellee said interest the appellant excepted, and saved the exception by a bill of exceptions.

The appellant has assigned as errors the overruling of the demurrers to the several paragraphs of the complaint, the sustaining of the demurrers to the second and fourth paragraphs of the answer, the overruling of the motion for a new trial, and the overruling of appellant's motion to modify the judgment by striking out all interest therefrom.

It is objected to each paragraph of the complaint, that it is not shown that Town did what by the agreement of the parties he was required to do before stating the amount due from Russell to Smith, but that it was shown by each paragraph that there were assets in Town's hands which were presumably good; and it is claimed that the appellant could not be liable to the appellee in any amount until Town collected the sum of $2,642.44 in his hands to be collected, or stated in his award why he could not collect the same.

The settlement of controversies by arbitration is to be encouraged by the courts, and awards are to be favored by indulging in their support every reasonable presumption. Presumptions are not to be sought and indulged against them.

VOL. 87.—30

---

Russell *v.* Smith.

---

For the purpose of sustaining them, technical objections are to be disregarded, and every intendment is to be made by the court. *Allen* v. *Hiller*, 8 Ind. 310; *Adams* v. *Harrold*, 29 Ind. 198; *Buxton* v. *Howard*, 38 Ind. 109; *Morgan* v. *Mather*, 2 Ves. Jr. 15; *Underhill* v. *Van Cortlandt*, 2 Johns. Ch. 339; *Karthaus* v. *Ferrer*, 1 Pet. 222.

The arbitrator is bound by the agreement of submission, and must be guided by it, but no precise form of award is required; it is sufficient if by it the arbitrator decides substantially the question in dispute submitted to him.

It is alleged in the first paragraph of the complaint that Town, as referee and arbiter, fully performed and discharged his duties under said agreement, and ascertained and stated in writing the account between the appellant and the appellee, etc.

The second paragraph alleges that, upon and by virtue of the said submission and reference, the said Town found, awarded, etc.

If, under the submission, it was necessary, before making the award, that all the collectible assets of the late firm be collected, then the presumption would not be, as claimed by counsel for the appellant, that the assets remaining, of which the nominal value is stated in the award, were collectible, but, on the contrary, the presumption would be indulged in favor of the award that every effort to collect the assets contemplated by the submission had been made, and that those remaining could not by such efforts be collected, and that the arbitrator had so decided.

Each paragraph of the complaint was sufficient on demurrer.

The agreement not only made Town an arbitrator, but also conferred upon him power as agent for the parties to collect all moneys due to the firm and to pay the firm debts.

The second paragraph of the answer attacked his conduct in both these capacities. It charged no wrong to the appellee, but alleged that when Town accepted his position under said agreement the assets of the firm exceeded $3,000; that Town, by a mistake in judgment, in violation of his duties, refused

to collect any of the moneys due to the firm, or to pay its debts and settle therewith the account between the parties; that, since said refusal, said assets have become uncollectible and worthless.

If Town failed to do his duty as an agent, in the ordinary sense, without the fault of either party, he may have rendered himself liable to them for any consequent injury. As between themselves, the late partners would by such failure of their agent be alike sufferers. If in his capacity as agent, aside from his character as arbitrator, Town failed to take necessary measures to collect assets, he was not thereby deprived of his unrevoked authority as arbitrator to make an award when such a state of circumstances existed as the submission contemplated.

The fact that the claims of the firm were uncollectible and worthless relieved him as arbitrator from waiting till those claims were collected before making his award. But in his character of arbitrator it is sought to charge Town with misconduct in the refusal to hear evidence. It was alleged that the appellant applied to Town to examine the parties and other competent witnesses, under oath or without oath, as he might see fit, and that he refused to examine the parties or either of them, under oath, or any of said witnesses.

It does not appear what evidence the arbitrator already had. It is not alleged that the parties, or either of them, appeared and offered to submit to an examination, or that any witness was produced before the arbitrator, or that any evidence was offered and rejected in præsenti, or that the arbitrator rejected the proposal to make an examination at a future or other time not under oath. It is alleged that evidence was proposed with reference to a certain matter, but it is not stated what the evidence was, or that the arbitrator was told what it was. It is not disputed that on the evidence which he had, and upon which he made his award, the award was right. To set aside the decision of this judge, selected by the parties, because of misconduct in rejecting evidence, it should appear that the ar-

bitrator was informed, not merely as to the supposed legal effect of the evidence which he was asked to take, but that the evidence was stated to the arbitrator, and the court should know what the evidence was before it can say that the arbitrator abused his discretion in rejecting it.   To overcome the presumption that there was no misconduct on the part of the arbitrator, his misconduct must be affirmatively shown.   His action in refusing to take the offered or suggested evidence is characterized in this paragraph as a mistake in judgment. An award will not be set aside for the arbitrator's mistake in judgment concerning a matter over which he has been made a judge.   *Medcalfe* v. *Ives,* 1 Atk. 64; *Moore* v. *Barnett,* 17 Ind. 349; *Flatter* v. *McDermitt,* 25 Ind. 326; *Goodwine* v. *Miller,* 32 Ind. 419.

The fourth paragraph of answer was also bad on demurrer.

Partiality or favoritism of the arbitrator constitutes misconduct, for which his award may be set aside; but for that purpose it must be shown in what the partiality or favoritism consisted, and it must appear by such showing that the complaining party was injured.   Here, large discretion was given to the arbitrator as to the time and methods of examination and rules of decision.   It was not necessary under the submission, that the arbitrator should examine witnesses at all events, but he was given a discretion in this regard, subject to revision, indeed, for corruption or misconduct, but a discretion so full that to interfere with its exercise it should affirmatively appear that there was an abuse of the discretion. It was not required that he should be governed by the strict principles of law.   He might consider the usages of tradesmen applicable to the circumstances.   The parties had made him their judge with such ample powers.   What explanations and statements, oral or written, and what evidence, if any, were offered to the arbitrator by the appellant, the pleading does not show.

Here, there is no charge of failure or refusal to investigate the matter submitted, or to investigate but one side of the

controversy. The explanations or evidence offered, or in contemplation by the appellant, might have been such that, upon being informed in regard thereto, the arbitrator may have been able to see that his determination of the controversy would not be influenced thereby. The pleading does not show that the arbitrator was informed what the evidence was which he was requested to hear, so that he might himself determine whether, if admitted, it would tend to establish what was claimed for it, or would affect his decision. *Latimer* v. *Ridge,* 1 Binn. 458.

Where it is objected, not that the arbitrator refused to hear any evidence, that is, made his award without investigation, or that he refused to hear any evidence from one of the parties, but the objection is that he refused to hear particular evidence, how can the presumption which should be indulged in favor of the action of the arbitrator be overcome, without showing the evidence which was thus excluded?

We think that, under the submission, it was not necessary for the arbitrator to hear testimony at all events, merely because requested to do so by a party, but the arbitrator, and also the court called upon to set aside his award, should be given an opportunity to see whether there was an abuse of power, whether proposed testimony was proper for consideration; and a failure in this regard could not be remedied by an allegation that it was full, competent and irrefragable testimony.

Under the assignment that the court erred in overruling the motion for a new trial, it is claimed by the appellant that the evidence was insufficient (which was one of the causes in the motion), because there was no evidence that the appellant had any notice of the award before the commencement of the action.

Appellant also says, by way of objection to the sufficiency of the evidence, that there was no proof that the amount sued for or any part thereof was due or had been demanded. The appellant was bound to pay upon the performance of an act, not by the appellee, but by a third person.

There was no provision for notice of the award in the agreement of submission. The making of the award did not lie more properly in the knowledge of one party than the other, and neither party had required notice from the arbitrator, and each was as much bound to take notice as the other. It was not necessary to aver or prove notice. *Hodsden* v. *Harridge*, 2 Saund. 61, *n.* 4; *Juxon* v. *Thornhill*, Cro. Car. 132; *Brooke* v. *Mitchell*, 6 M. & W. 473; *Parsons* v. *Aldrich*, 6 N. H. 264; *Denman* v. *Bayless*, 22 Ill. 300; Caldwell Arb. 206. So, also, of demand; the appellant, by the fourth clause of the agreement of submission, bound himself to pay as soon as the amount of liability was fixed by the arbitrator, by stating it in writing signed by the arbitrator; and the award stated the liability to pay without specifying any time for payment, or requiring that it be upon request or demand.

Where no demand is required by the submission, and by the award one of the parties is required to pay money unconditionally, a demand need not be proved in an action on the award. *Waters* v. *Bridge*, Cro. Jac. 639; *Rodham* v. *Stroher*, 3 Keb. 830; *Parsons* v. *Aldrich*, *supra; Thompson* v. *Mitchell*, 35 Maine, 281; *Plummer* v. *Morrill*, 48 Maine, 184; *Blood* v. *Shine*, 2 Fla. 127; *Scearce* v. *Scearce*, 7 Ind. 286.

What has been said disposes also of the last assignment of error.

A liquidated amount was due and payable from the appellant to the appellee from the signing of the award by the arbitrator, without notice and without demand. There was no error in giving interest upon that amount upon recovery by the appellee. *Hamilton* v. *Wort*, 7 Blackf. 348; *Kintner* v. *State, ex rel.*, 3 Ind. 86.

The judgment should be affirmed.

PER CURIAM.—It is ordered, on the foregoing opinion, that the judgment be and it hereby is affirmed, at appellant's costs.

Petition for a rehearing overruled.