Nov. Term,
1856.

ALLEN v. HILLER.

ALLEN
v.
HILLER.

Awards by arbitrators should be regarded with respect, and not heedlessly set aside; for they are the decisions of persons chosen by the parties to decide their differences.

The presumption is that an award is justified by all the evidence; and where it does not appear that all the evidence given to the arbitrators was before the court, it may be presumed that the court did not assume to, if indeed it could, look to the merits of the award.

*Tuesday,
December 9.*

APPEAL from the *Elkhart* Circuit Court.

PERKINS, J.—*Hiller·* sued *Allen* for mal-practice as a surgeon in setting and treating a broken limb. Pending the suit it was referred to arbitrators, who awarded that *Allen* should pay *Hiller* 125 dollars, which award was filed in the Circuit Court. A rule was taken to show cause why judgment should not be entered upon the award. In answer to the rule, fraud and other misconduct on the part of the arbitrators was alleged. Evidence was heard, and the award was set aside.

The substance of the evidence to sustain the charge of misconduct and fraud is that of *James Mason*, who testified that a few days after the award he met *Allen* in the street, and asked him how the battle went, and that the reply was, that *Hiller* had got a· judgment against him of 125 dollars by his order; of *Augustus Newton*, who testified that the arbitrators, on the last day of their session, sent severally for *Hiller* and *Allen*, but he does not know whether they went into the room of the arbitrators, nor what transpired; of witnesses who testified that' after the parties· had closed their evidence, but while both were present, the arbitrators called Dr. *Chamberlain*, who had been subpœnaed as a witness by both parties, and asked him what were Dr. *Allen's* attainments as a surgeon, and that the reply was that he considered them good; of Dr. *Chamberlain*, who testified as follows: "Did not see or·hear arbitrators have any conversation with defendant about the case during the trial before arbitrators. Was invited by Dr. *Allen* to see case

of the tumor on the eye of a lady at Dr. *Allen's* office. Dr. *Allen* stated that Professor *Meeker* and Dr. *Humphreys* would be there. Went to see the tumor. Dr. *Meeker* and Dr. *Humphreys*, two of the arbitrators, were there. Heard no conversation about the case. Saw the arbitrators in the bar-room at *Newton's*, and also the plaintiff and defendant."

We see nothing in this evidence showing fraud or misconduct in the arbitrators. It is said that arbitrators should not examine witnesses in the absence of notice of the proceeding to the parties, because it would deprive them of their right to a cross-examination. *Oswald* v. *Grey*, 29 Eng. L. and Eq. R. 85. Here the party not only had notice, but was present.

Awards by arbitrators should be regarded with respect, and not be heedlessly set aside; for they are the decisions of persons chosen by the parties to decide their differences. Cald. on Arb. p. 92.

The Court did not assume to, if it could, look to the merits of the award, as it does not appear that all the evidence given to the arbitrators was before the Circuit Court, and the presumption would be that the award was justified by all the evidence. Cald. on Arb., ed. 1853, p. 291, note.

The Court erred in setting aside the award.

*Per Curiam.*—The judgment subsequently rendered in the cause, with all the proceedings back to the hearing upon the rule to show cause against the award are set aside with costs, and the cause remanded with instructions to enter judgment upon the award.

*T. G. Harris, H. C. Newcomb,* and *J. S. Harvey* for the appellant.

*J. A. Liston* and *A. Heath,* for the appellee.