*J. Brown* and *R. L. Polk*, for appellant.

*J. H. Mellett* and *R. E. Forkner*, for appellee.

------------◇------------

BUXTON ET AL. *v.* HOWARD ET AL.

ARBITRATION AND AWARD.—*Evidence.*—Where a cause is submitted to the arbitrament of three persons, and the award is only signed by two of them, parol evidence is admissible to show that the other arbitrator met with those signing the award, and heard the cause.

SAME.—*Award.*—When parties submit a cause, under the statute, to the arbitrament of three persons, it is understood that, the three having heard the cause, any two of them are sufficient to make an award, unless there is something in the submission that requires the concurrence of all.

SAME.—Where the evidence submitted to arbitrators is not in the record, it will be presumed that the award was justified by the evidence.

APPEAL from the Shelby Common Pleas.

WORDEN, C. J.—An action was pending in the court below between the appellees as plaintiffs and appellants as defendants. Pending the cause, the appellees filed in the court below a bond executed by the appellants for the submission of certain matters to arbitration, together with the award of the arbitrators, and, on proper proof being fur-

nished for that purpose, procured a rule against the appellants to show cause why the court should not confirm the award and render judgment thereon. The bond and award are as follows:

"We, Benjamin Buxton and Jacob Churchman, are bound to James Howard and James McCally, in the penalty of one thousand dollars, on the condition following: whereas a controversy exists between said James M. Howard and James McCally, and Benjamin Buxton and Jacob Churchman, in reference to the purchase and sale of cattle, hogs, horses and mules, and payment of money, in all amounting to in or near six thousand dollars, in the summer and fall of 1864; and whereas they have this day mutually agreed to submit said matters of controversy to arbitrament and award of Levi Laingor, John Benson, and Harvey Vanpelt, and to make said award a rule of the court of common pleas of Shelby county, Indiana. Now, therefore, if the said Benjamin Buxton and Jacob Churchman shall abide and faithfully perform said award then this bond shall be void. Witness my hand and seal this 13th day of February, 1867.

"BENJAMIN BUXTON,   [seal.]<br>"JACOB CHURCHMAN. [seal.]

"Attest, H. Vanpelt."

"AWARD.

"STATE OF INDIANA, SHELBY COUNTY, *ss.*

"Whereas there is an action pending in the common pleas court of Shelby county, betweed James M. Howard and James McCally, plaintiffs, and Benjamin Buxton and Jacob Churchman, defendants, and whereas the said parties, on the 13th day of February, 1867, by arbitration bond then executed by them, submitted to the undersigned to determine and award upon all matters involved in said suit, to wit, the purchase and sale of cattle, hogs, horses, and mules, etc., and the payment of money, etc., all matters in difference between them involved in said suit, as well as all damages, claims, and demands whatever, growing out of the purchase of cattle, horses, hogs, mules, etc., and the pay-

ment of money by either of them.  In pursuance of said submission, the undersigned arbitrators met at the house of Harvey Vanpelt, on the 13th day of February, 1867, the parties being present, and having then and there-taken upon ourselves the burthen of said submission, heard the proofs and allegations of the parties, the undersigned do hereby make and publish the following award; that is to say, we do order, adjudge, and award, first, that Benjamin Buxton and Jacob Churchman, pay to James M. Howard and James McCally the sum of four hundred and twenty-five dollars forthwith; second, that Benjamin Buxton surrender to James M. Howard a certain order in his possession on said Howard, for four hundred and fifty dollars, drawn by Dr. C. Kennedy; third, that Howard and McCally pay one-half of the costs of this action, and that Buxton and Churchman pay the other half of the costs.  In witness whereof we have here-unto set our hands, this 19th day of February, 1867.

"HARVEY VANPELT,

"LEVI LAINGOR.

"Costs of arbitration, L. Laingor, two dollars; J. Benson, one dollar; H. Vanpelt, one dollar.

"Attest, in the presence of G. A. Vanpelt."

Such proceedings were afterward had as that judgment was rendered on the award in favor of the appellees, as provided for by the statute.  2 G. & H. 347, sec. 19.

Two objections are made to the award, by the appellants; first, and principally, that it is void, because not signed or concurred in by John Benson, one of the arbitrators chosen by the parties; and second, that the arbitrators exceeded their authority in awarding that Buxton surrender to Howard the order drawn by Kennedy on Howard.

The facts in relation to Benson's connection with the arbitration appear to be these:  He met with the other arbitrators, at the house of Harvey Vanpelt, and heard the cause as one of the arbitrators.  The arbitrators all seem to have agreed substantially upon an award, but it being late in the day when the conclusion was arrived at, they separated, the

award not being then drawn up, but Benson and Laingor authorizing Vanpelt to sign their names to the award.

The award as above set out was afterward drawn up and signed by Vanpelt and Laingor himself at the house of Vanpelt. Vanpelt says the reason he did not sign the names of the other arbitrators to the award as authorized to do, was that before the award was prepared he found that all the parties were dissatisfied with it. Benson never returned to the house of Vanpelt to sign the award, was not present when it was signed by Vanpelt and Laingor, and there is conflict in the evidence as to whether he was notified of the meeting for the purpose of signing it. Benson does not concur in the award, as it is not in accordance with his understanding of what the award was to be.

We think it clear that parol evidence was competent to show that Benson met with the other arbitrators and heard the cause. This in no manner contradicts the award.

The statute provides, that " all the arbitrators must meet together and hear the allegations of the parties, but the award of the majority is valid, unless otherwise required by the submission." 2 G. & H. 343, sec. 8. This provision was complied with, and the award of the two is valid unless there is something in the submission bond that requires that all three should concur in the award. Where parties enter upon these statutory arbitrations, they must be understood as having contracted with reference to the statute, and as having agreed that a majority of the arbitrators shall be sufficient to make a valid award, unless the contrary expressly appears. When they submit, under the statute, to the arbitrament of three persons, it is understood that, the three having heard the cause, any two of them are sufficient to make an award, unless there is something in the submission that requires the concurrence of all three. There is nothing in the submission in this case that takes it out of the statutory provision. Again the statute provides, p. 344, sec. 9, that "the award shall be in writing, and signed by the arbitrator or arbitrators who agree thereto, and shall be attested by a sub-

scribing witness." This section seems to have been complied with. It was not necessary that Benson should have signed the award, because he seems not to have agreed to it as prepared and signed by the other arbitrators. We are of opinion that the award was not void for the want of Benson's concurrence therewith or signature thereto.

The evidence submitted to the arbitrators not being before us, we cannot say that the order of Dr. Kennedy upon Howard, which was awarded to be surrendered to Howard, was not so connected with the matters submitted as to fall fairly within the terms of the submission. The presumption is that the award was justified by the evidence. *Allen* v. *Hiller*, 8 Ind. 310.

The judgment below is affirmed, with costs.

*A. Major* and —— *Major*, for appellants.

*E. H. Davis* and *C. Wright*, for appellees.