**ANGELL ENTERPRISES, INC.,**
Appellant–Plaintiff,

v.

**ABRAM & HAWKINS EXCAVATING CO., INC., Carter Plumbing Co., Inc., Louis Linder & Son, Inc., Weyer Electric, Inc., Tem–Tec Company, Inc., Benchmark Metal Products, Inc., Potter Material Service, Inc., Bowersock Excavating, KSB Plastering & Drywall, Inc., Jay D. Smithey d/b/a Atlas Glass & Metal Systems, Appellee–Defendants.**

No. 77A01–9405–CV–157.

Court of Appeals of Indiana,
First District.

Nov. 28, 1994.

Opinion Granting Rehearing Jan. 31, 1995.

mark Metal Products, Potter Material Service, Bowersock Excavating, KSB Plastering & Drywall, Jay D. Smithey d/b/a Atlas Glass & Metal Systems.

## OPINION

BAKER, Judge.

This appeal of an arbitration award presents the opportunity to review the broad authority granted to an arbitrator by Indiana's Uniform Arbitration Act, IND. CODE §§ 34–4–2–1 to 22, and the means to effectively challenge an award.

Appellant-plaintiff Angell Enterprises, Inc. opposes the trial court's affirmance of an arbitration decision awarding appellee-defendants Abram & Hawkins Excavating Co., et al. (collectively Subcontractors) a total of $260,013. Angell's primary contention is that the arbitrator exceeded its authority by deciding claims not agreed to be arbitrated. Angell also cites a procedural error claiming the award is deficient in explaining its result. The Subcontractors' respond that the award was within the scope of the arbitrator's powers and sufficiently revealed the basis of its decision. Two of the Subcontractors, Abram & Hawkins Excavating Co. (Abram) and Proficient Building Systems (Proficient) have jointly filed their own appellees' brief presenting arguments in addition to those of the other Subcontractors.

## *FACTS*

Angell entered a contract with Haver Companies, Inc. (General Contractor) to construct a supermarket in Sullivan County, Indiana, at an alleged contract price of $1,210,741.45. The General Contractor hired various subcontractors for the job. When the General Contractor failed to pay its subcontractors from the $1,051,924 of funds Angell claims to have paid on the contract, Angell terminated its contract with the General Contractor and instituted this action to determine any amounts Angell owed to the subcontractors under IND.CODE § 32–8–3–9 (Owner's Liability Statute), and any set-off amounts. Thirteen of these subcontractors became interpleader defendants in this action

Peter J. Rusthoven, Howard E. Kochell, Joseph G. Eaton, Barnes & Thornburg, Indianapolis, James J. Riester, Riester & Strueh, Bloomfield, for appellant.

Mark Leo Reed, Lowry & Reed, Sullivan, for Abram & Hawkins and Proficient Bldg. Systems.

Michael L. Einterz, Indianapolis, for Carter Plumbing, Louis Linder & Son, Inc., Weyer Elec., Inc., Tem–Tec Co., Inc., Bench-

and are the Subcontractors in this appeal. The General Contractor declared bankruptcy and is not a party to the appeal.

Angell's complaint alleged that it bore additional costs of $71,248 to repair defective work and complete the supermarket. Angell claimed this amount as set-off to any amounts owed to the Subcontractors. Separate answers denying Angell's allegations were filed by six of the thirteen Subcontractors, and seven other Subcontractors filed a motion to compel arbitration in lieu of filing an answer. The motion to compel arbitration was based upon the Owner's Liability Statute, which makes an owner directly liable to a subcontractor for unpaid services on a project, but limits the owner's liability to the amount the owner still owed to the general contractor. I.C. § 32–8–3–9. Two of the Subcontractors, Abram and Proficient, who were not petitioners of the motion to compel arbitration, filed cross-claims against Angell asserting other theories for relief in addition to the Owner's Liability Statute. During the hearing on the motion for arbitration, the parties agreed to submit the claims under the Owner's Liability Statute to an arbitrator. The court entered an order reflecting this agreement. Following the unrecorded arbitration proceedings, the arbitrator awarded the Subcontractors a total of $260,013, setting forth a schedule apportioning specific amounts to each particular subcontractor. The arbitration award of September 3, 1993, stated that it was a full settlement of all claims submitted for arbitration. On December 2, 1993, Angell filed a motion requesting the trial court to vacate the arbitration award and to remand for further arbitration, claiming that the arbitrator exceeded its authority and also failed to provide a written determination of all questions submitted for arbitration. The trial court denied Angell's motion and confirmed the arbitration award.

## DISCUSSION AND DECISION

### I. Authority

Angell argues that the arbitrator exceeded its scope of authority in deciding issues other than those under the Owner's Liability Statute. Angell presents that based upon its calculations, the maximum liability under the Owner's Liability Statute without allowance of Angell's set-offs was $158,817.45. Thus, Angell concludes that the award for $260,013 reflects that the arbitrator exceeded his powers. Hence, we must decide which claims were submitted to arbitration.

■ Indiana's Uniform Arbitration Act does not declare which issues are subject to arbitration. Instead, the parties' agreement governs the conditions, limitations, and restrictions upon an arbitrator's scope of review. *Brougher Agency, Inc. v. United Home Life Ins. Co.* (1993), Ind.App., 622 N.E.2d 1013, 1017, *trans. denied.* The parties are free to define for themselves what questions may be arbitrated. *Fort Wayne Educ. Ass'n v. Bd. of School Trustees* (1991), Ind.App., 569 N.E.2d 672, 676. A court may vacate an award that extends beyond the contractual scope of arbitration. IND.CODE § 34–4–2–13(3); *International Bhd. of Elec. Workers v. Citizens Gas & Coke Util.* (1981), Ind.App., 428 N.E.2d 1320, 1326.

■ Angell maintains that the only issues in arbitration were the Subcontractors' claims pursuant to the Owner's Liability Statute. As a preliminary matter, we address the Subcontractors' arguments that Angell waived this argument on appeal because it did not object to arbitration at the time the trial court ordered it. An order compelling arbitration is a final, appealable order if severable from other claims in the lawsuit. *Albright v. Edward D. Jones & Co.* (1991), Ind.App., 571 N.E.2d 1329, 1331, *cert. denied,* —— .U.S. ——, 113 S.Ct. 61, 121 L.Ed.2d 29. Thus, a party may not contest arbitrability for the first time in its petition to vacate an arbitration award. However, Angell does not deny that it had agreed to submit the claims under the Owners' Liability Statute to arbitration. Since an agreement as to those claims existed, Angell did not have any basis to appeal the arbitration when it was entered because the submission of any other claims was not contemplated in the parties' agreement. *See Kelly v. Adams* (1889), 120 Ind. 340, 344, 22 N.E. 317, 318–19 (parol agreement to arbitrate made in court is enforceable). We do not find waiver under the circumstances.

We now turn to the substantive argument that the arbitrator could decide only the Subcontractors' claims under the Owner's Liability Statute. IND.CODE § 34–4–2–1 refers to a written agreement to submit to arbitration. It is uncontroverted that Angell and the Subcontractors never entered any written contract providing for arbitration of disputes. The parties disagree as to whether a written arbitration agreement between the General Contractor and Angell applied to the Subcontractors as well. Generally, only those who are parties to a contract, or those in privity with a party, have a right to recover under the contract. *Barth Elec. Co. v. Traylor Bros., Inc.* (1990), Ind.App., 553 N.E.2d 504, 506. I.C. § 32–8–3–9 places the Subcontractors in privity with the General Contractor, but only to the extent specifically provided within that statute. *See Blade Corp v. American Drywall, Inc.* (1980), Ind.App., 400 N.E.2d 1183, 1186, *trans. denied* (Under I.C. § 32–8–3–9, subcontractor stands in the shoes of the builder, but rights are not superior to those of the builder). I.C. § 32–8–3–9 does not provide a right to arbitrate, but merely grants the subcontractor a limited cause of action against the owner. Because the Subcontractors were in privity with the General Contractor only to the extent contemplated in I.C. § 32–8–3–9, they cannot rely upon the arbitration clause in Angell's contract with the General Contractor.

We also note that the Subcontractors cannot prevail under a third-party beneficiary theory. To enforce a contract under this theory, the claimant must show 1) a clear intent by the parties to the contract to benefit the third party, 2) a duty imposed on one of the contracting parties in favor of the third party, and 3) performance of the contract. *Barth,* 553 N.E.2d at 506. Angell's contract with the General Contractor does not evidence an intent to benefit the Subcontractors. It also fails to impose a duty on Angell in favor of the Subcontractors regarding arbitration of disputes. Therefore, we agree with Angell that the Subcontractors

only right to arbitration was through the in court agreement based upon the claims under the Owner's Liability Statute.[1]

Angell contends that the arbitrator exceeded the scope of its authority. Angell avers that all of the Subcontractors accepted its figures computing the contract price and unpaid balance. Angell posits that the arbitration request language that "Upon information and belief, Haver was paid the principal amount of $1,051,924 out of a total contract price of $1,210,741.45 leaving an unpaid balance of $158,817.45" was essentially a stipulation to the accuracy of those amounts that could not be challenged at the arbitration hearing. *See* R. at 144. The record belies this contention. Notwithstanding Angell's position, the relief the Subcontractors requested in their motion to compel did not adopt Angell's calculations of the total amount available to divide among the Subcontractors. The claim for relief identified three issues for the arbitrator to resolve: 1) the validity of all amounts Angell claims as a set-off, 2) the validity of the Subcontractors' claims and the amounts owed, 3) the liability of Angell under the Owner's Liability Statute "in an amount equal to funds *found to be owing* under the general contract." R. at 145. We disagree with Angell's characterization of the language and perceive the language to merely constitute a relation of the factual setting to the arbitrator. The Subcontractors' claim for relief evidences their submission of factual questions challenging the total amount Angell alleged as outstanding on his contract with the General Contractor, his alleged amount of set-off, and the amounts the Subcontractors claimed.

In light of the circumstances, the arbitrator was not bound by Angell's calculations but was free to consider any evidence to determine the total contract price, the unpaid balance, any set-offs, and the amounts the Subcontractors were entitled to under the Owner's Liability Statute. Because we are not afforded the benefit of a record of the

---

1. Two of the Subcontractors, Abram and Proficient, argue that because they had filed cross-claims against Angell, those claims were sent to arbitration as well. Their argument ignores that no written or oral agreement was made regarding the cross-claims. Thus, they were beyond the scope of arbitration.

arbitration proceedings, we presume that the award was justified by the evidence. *Buxton v. Howard* (1871), 38 Ind. 109, 113. Furthermore, inasmuch as the determination of the amounts are questions of fact, we do not have the prerogative to reconsider those findings. *Brougher,* 622 N.E.2d at 1017–18 (once a factual question is determined in arbitration, it is finally adjudicated and cannot be relitigated). Although arbitration was limited to consideration of the Subcontractors' claims under the Owner's Liability Statute, Angell fails to show that the arbitrator exceeded the scope of its authority.

## II. Sufficiency of Award

Angell also contends that the award must be vacated and remanded to the arbitrator for further proceedings because he failed to make written determinations in compliance with IND.CODE § 34–4–2–9(a). The award announces the total amount that Angell owes to the Subcontractors and then sets forth the allocation to each Subcontractor.

I.C. § 34–4–2–9(a) provides that an arbitration award "shall include a determination of all the questions submitted to the arbitrator ... the decision of which is necessary in order to determine the controversy." This statutory mandate is unique to Indiana's Arbitration Act. It is not found in the Uniform Arbitration Act or any version enacted by other states. *See* 7 Uniform Laws Ann. 116–17 (1985) and (Supp.1994) at 64.

Angell complains that the award is silent as to the amount of set-off and the pro rata share of the unpaid contract price. Even though the award states that it is "in full settlement of all claims submitted to this Arbitration," this statement is a conclusion that does not satisfy the requirement of I.C. § 34–4–2–9(a). The award leaves unanswered the specific questions Angell, by its prayer for relief, and the Subcontractors' request for arbitration, submitted to arbitration, including: the amount of the unpaid contract price from which sum the claims of the Subcontractors may be paid under the Owner's Liability Statute, and the amount of any set-off.

Nonetheless, we do not find that Angell is entitled to have the award vacated at this juncture since Angell has not followed the proper procedure to correct the absence of sufficient written determinations. Vacation of an arbitration award is narrowly limited to situations where: 1) the award was procured by corruption or fraud; 2) partiality by or corruption of an arbitrator, or prejudicial misconduct is evident; 3) an arbitrator exceeded its powers and the award cannot be corrected without affecting the merits of the decision; 4) refusal to postpone hearing upon sufficient cause, or refusal to hear material evidence, or conducted hearing contrary to I.C. § 34–4–2–6; or 5) no arbitration agreement existed and the issue was not adversely determined pursuant to I.C. § 34–4–2–3 and the party did not participate in the arbitration hearing without raising the objection. I.C. § 34–4–2–13(a). None of these pertain to obtaining a written determination of unanswered questions. The proper method was to seek clarification of the arbitrator's award under IND.CODE § 34–4–2–10. Such request must be made within 20 days of delivery of the award. I.C. § 34–4–2–10. Angell not only missed this opportunity and is not entitled to relief at this late date, it is not entitled to a more specific entry of determination using a motion to vacate.

## CONCLUSION

The purpose of arbitration is to afford parties the opportunity to reach a final disposition of differences in an easier, more expeditious manner than by litigation. To facilitate this purpose, the arbitrator's power is restricted only by the parties' agreement to submit to arbitration; whereas judicial review of the award is narrowly limited by statute. When the arbitration proceedings are not recorded, we must presume that the evidence justified the arbitration award. To challenge an award where the written determination does not adequately show what questions were decided, the correct procedure is to file a timely motion for clarification under I.C. § 34–4–2–10. Depending upon the clarification, a motion to vacate may then be pursued to attack the arbitrator's alleged abuse of its power. Angell has failed to bear

its burden of proving a statutory ground to vacate the award.

Judgment affirmed.

ROBERTSON and STATON, JJ., concur.

### OPINION ON·REHEARING

In our original opinion, we denied Angell's request for remand to the arbitrator to obtain specific determinations regarding its award because Angell filed a motion to vacate under IND.CODE § 34–4–2–13, instead of a motion for clarification under IND. CODE § 34–4–2–10. On rehearing, Angell presents that it did file a clarification motion under I.C. § 34–4–2–10 with the trial court and with the arbitrator. Angell refers us to its "APPLICATION FOR AN ORDER TO REMAND TO THE ARBITRATOR TO CORRECT AND/OR CLARIFY ARBITRA-TION AWARD." Record at 214. This "§ 10 motion" was filed with the trial court and a copy sent to the American Arbitration Association. However, the § 10 motion did not argue that the arbitrator failed to enter specific determinations as to all of the questions submitted to the arbitrator pursuant to IND.CODE § 34–4–2–9. Instead, its § 10 motion alleged that the arbitrator ignored the limits in IND.CODE § 32–8–3–9 so that its award was an evident misapplication and miscalculation of figures. Thus, the § 10 motion sought clarification and recalculation consistent with I.C. § 32–8–3–9.

On appeal, Angell complained that the award was silent as to the amount of set-off and the pro rata share of the unpaid contract price. So, Angell relied upon I.C. § 34–4–2–9 for relief. The § 10 motion did not request the arbitrator to clarify either of these amounts. Thus, as we held in our original opinion, Angell did not file a § 10 motion presenting this issue to the arbitrator as was the proper procedure.

Angell complains that it was thwarted from filing a § 10 motion because the trial court prematurely affirmed the arbitrator's award by confirming it before the 90–day period expired under I.C. § 34–4–2–12. However, its filing of the § 10 motion raising other issues belies its contention that it was misguided.

Rehearing granted, judgment affirmed.