HOOKER BUILDERS, INC.,
Appellant–Plaintiff,

v.

Bruce SMALLEY and Carol Smalley,
Appellees–Defendants.

No. 03A01–9706–CV–171.

Court of Appeals of Indiana.

Feb. 18, 1998.

J. Michael Kummerer, Columbus, for Appellant–Plaintiff.

Tim A. Grogg, Jones Patterson Boll & Tucker, Columbus, for Appellees–Defendants.

## OPINION

BAKER, Judge.

Appellant-plaintiff Hooker Builders, Inc. (Builder) appeals the trial court's order denying its motion to modify the arbitrator's award of damages. Specifically, Builder contends that the arbitrator improperly calculated the amount of its damages. Additionally, Builder claims that the trial court erred by

failing to award it interest on the arbitrator's award.

## FACTS

On April 19, 1994, Builder entered into a contract to construct a home for appellees-defendants Bruce and Carol Smalley (Smalleys). After completing the house in May of 1995, Builder requested payment, claiming that, pursuant to the contract, it was entitled to the cost of construction plus eight percent. The Smalleys, on the other hand, argued that the Builder was only entitled to the balance of the estimated contract price, which was nearly forty-five percent less than the actual cost of construction. Unable to settle the dispute, the parties submitted the matter to arbitration, pursuant to the terms of the contract.

During the arbitration proceedings, Builder submitted a list of construction costs. On May 9, 1996, after three days of proceedings, the arbitrator found that Builder was entitled to the cost of construction plus eight percent. As a result, the arbitrator awarded Builder the sum of $82,571.92 in damages. On May 30, 1996, Builder filed a motion to reconsider, requesting the arbitrator to increase the award to $103,983.89, which Builder contended represented the total cost of construction plus eight percent, and to award it interest on the award. However, on June 21, 1996, the arbitrator denied Builder's motion, reaffirming its previous award.

On July 25, 1996, Builder filed a motion to correct the arbitrator's award in the Bartholomew County Superior Court No. 2. In its motion, Builder alleged that the arbitrator's award was based on an evident miscalculation of costs. Accordingly, Builder requested the trial court to modify the arbitrator's award to the amount of $103,983.89 and to award it interest. On December 26, 1996, the trial court summarily denied Builder's motion and confirmed the arbitrator's award.

Thereafter, a subcontractor, who had not yet been compensated for its work on the Smalleys' home, filed a mechanic's lien against the home. As a result, the Smalleys filed a petition requesting the trial court to order Builder to accept $82,571.92 from them and to use it to satisfy the subcontractor's lien against the home. After a hearing, the trial court granted the Smalleys' petition and

ordered them to deposit the funds with the clerk of the court. Soon after the Smalleys deposited the funds, an employee of Builder withdrew the funds and inadvertently signed a release which stated that the judgment against the Smalleys was satisfied. Builder now appeals.

## DISCUSSION AND DECISION

### I. Waiver

Initially, the Smalleys contend that Builder is precluded from challenging the arbitrator's award. Specifically, the Smalleys argue that, because Builder signed a release and satisfaction of judgment, it is precluded from now arguing that the award was erroneous and that it is entitled to interest on the award. We disagree.

■ The record reveals that, although Builder accepted the $82,571.92 that the Smalleys deposited with the clerk, it did so only at the Smalleys' request so that Builder could use the money to satisfy the lien against the Smalleys' home. Further, during the hearing on the Smalleys' petition, Builder specifically stated that it was not going to release the judgment in order to obtain the money. Record at 1119. Thereafter, the Smalleys agreed that the $82,571.92 would be merely a credit against "whatever the ultimate judgment is determined to be." R. at 1120. Under these circumstances, we cannot conclude that Builder waived its right to appeal the arbitrator's award by unintentionally signing a release and full satisfaction of the judgment. Therefore, we address Builder's appeal on the merits.

### II. Amount of Arbitrator's Award

Builder claims that the arbitrator improperly calculated the amount of its award. Specifically, Builder contends that, because the Smalleys did not contest the construction costs which it submitted during arbitration, the arbitrator's failure to award Builder the amount it requested was the result of an evident miscalculation of figures.

■ We note, however, that after Builder filed its motion to correct error with the trial court, it failed to provide the court with a record of the arbitration proceedings. Without a record, the trial court was unable to determine whether the Smalleys contested

the construction costs submitted during the arbitration proceedings and, thus, whether the arbitrator's award was the result of an evident miscalculation. Therefore, the trial court properly denied Builder's request to modify the arbitrator's award. *See Angell Enterprises, Inc. v. Abram & Hawkins Excavating Co., Inc.,* 643 N.E.2d 362, 365–66 (Ind.Ct.App.1994) (when not provided with record of arbitration proceedings, reviewing court must presume award was justified by evidence).[1]

### III. Interest

Next, Builder contends that the trial court erred by failing to award it interest. Specifically, Builder argues that it is entitled to interest from the date payment was due under the contract until the date of the arbitrator's award, from the date of the arbitrator's award until the trial court entered judgment and from the date of the trial court's judgment until the judgment was satisfied.

■ A party is entitled to an award of interest only where the amount of damages is readily ascertainable in accordance with fixed rules of evidence and accepted standards of valuation. *City of Indianapolis v. Twin Lakes Enterprises, Inc.,* 568 N.E.2d 1073, 1087 (Ind.Ct.App.1991), *trans. denied.* Damages are readily ascertainable where the trier of fact need not exercise its judgment to assess the amount of damages. *Id.*

■ Initially, we determine whether Builder was entitled to interest from the date that payment was due under the contract until the arbitrator entered its award. As noted above, Builder failed to provide the trial court with a record of the arbitration proceedings. Therefore, the court was unable to determine whether Builder's damages were readily ascertainable. Further, Builder

has not set forth anything in the record which would indicate that the damages were readily ascertainable. Therefore, Builder is not entitled to interest prior to the arbitrator's award.

■ We next determine whether Builder is entitled to interest from the date of the arbitrator's award until the trial court entered judgment. Here, the record reveals that the parties' agreed that the arbitrator's award would be final and binding. R. at 58. In doing so, they implicitly agreed that the arbitrator's award would render the damages ascertainable. Therefore, because the damages became ascertainable when the arbitrator entered its award, Builder is entitled to interest from the date of the arbitrator's award until the court entered judgment on the award. *See City of Indianapolis,* 568 N.E.2d at 1087 (award of interest is proper where amount of damages is ascertainable).

Finally, we determine that Builder is entitled to interest from the date of the trial court's judgment on the arbitrator's award until the judgment was satisfied. *See* IND. CODE § 24–4.6–1–101 (party is entitled to interest on judgment from date of verdict or finding of court until judgment is satisfied). As a result, we remand with the instruction that the trial court award Builder interest from the date of the arbitrator's award, May 9, 1996, until the judgment was satisfied in February of 1997.[2]

Affirmed and remanded for proceedings not inconsistent with this opinion.

NAJAM and RILEY, JJ., concur.

---

1. Builder also argues, in the alternative, that the trial court was required to make an independent determination of damages because the issue of construction costs was not litigated before the arbitrator. However, Builder admits that it submitted a list of construction costs during the arbitration. Appellant's Brief at 7. Therefore, because the issue of costs was litigated before the arbitrator, the trial court did not err by failing to make an independent determination of costs. *See Angell Enterprises, Inc.,* 643 N.E.2d at 366 (reviewing court will not reweigh factual determinations of arbitrator).

2. The Smalleys contend that Builder is not entitled to payment or interest on the arbitrator's award because Builder failed to provide the Smalleys with proper lien waivers, as required by the contract. However, we note that the parties' contract requires that the parties submit all contractual disputes to arbitration. Even assuming the Smalleys presented this issue to the arbitrator, they failed to provide either the trial court or this court with a record of the arbitration proceedings. Therefore, we cannot conclude that Builder failed to provide the Smalleys with the proper lien waivers.