NORTHERN INDIANA COMMUTER TRANSPORTATION DISTRICT, Appellant–Plaintiff,

v.

CHICAGO SOUTHSHORE AND SOUTH BEND RAILROAD, a Partnership, Appellee–Defendant.

No. 46A03–0301–CV–33.

Court of Appeals of Indiana.

Aug. 20, 2003.

Michael C. Harris, Harris Welsh & Lukmann, Chesterton, IN, Attorney for Appellant.

Peter J. Rusthoven, Christian P. Jones, Barnes & Thornburg, Indianapolis, IN, Craig V. Braje, Braje & Nelson, Michigan City, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

In *Bopp v. Brames,* 677 N.E.2d 629 (Ind.Ct.App.1997), we noted that the purpose of arbitration is to afford parties the opportunity to reach a final disposition of differences in an easier, more expeditious manner than by litigation. Unfortunately,

as this case demonstrates, arbitration is not always easier or more expeditious. Northern Indiana Commuter Transportation District ("NICTD") appeals from the trial court's decision in its case against Chicago South Shore and South Bend Railroad ("South Shore") that referred this matter back to the original panel of arbitrators who first arbitrated this case in 1994. NICTD contends that the trial court should have allowed the parties to assemble a new panel of arbitrators, while South Shore maintains that the trial court was correct to require the former panel of arbitrators to hear the case. The parties also disagree about the propriety of requiring the trial court to confirm other portions of the arbitration award.

We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

This appeal is the latest stop on the torturous path to dispute resolution between these two parties. NICTD manages funds related to commuter rail service in certain counties in northern Indiana and owns railroad tracks between Chicago, Illinois and South Bend, Indiana known as the South Shore Line. The Chicago South Shore and South Bend Railroad ("Old South Shore"), an entity unrelated to South Shore, operated freight and passenger service along the South Shore Line until declaring bankruptcy in April 1989.

On September 27, 1989, NICTD and the Anacostia and Pacific Company, Inc. ("A and P") entered into a Memorandum Agreement ("Agreement"), pursuant to which Southshore Acquisition Company ("SSA"), an entity created by A and P, would purchase the assets of Old South Shore and sell Old South Shore's passenger transportation assets and operations to NICTD. Under the agreement, SSA retained Old South Shore's freight assets and operations. The parties agreed that NICTD would be responsible for maintaining the South Shore Line. In exchange, SSA agreed to pay a portion of the maintenance of way costs, known as the "MOW" Fee.

After entering into the Agreement, South Shore assumed the rights and obligations of A and P and SSA under the Agreement and began operating freight service along the South Shore Line. NICTD began operating passenger service along the line and maintained the railroad.

During 1992, a dispute arose between NICTD and South Shore regarding the adequacy of the MOW Fee. The parties were unable to resolve their differences, and in 1993, NICTD demanded arbitration pursuant to the Agreement.

The arbitrators held evidentiary hearings and in a two to one decision, ruled in favor of South Shore. NICTD filed a declaratory judgment action in LaPorte Superior Court, and after protracted litigation involving the supreme courts of both Indiana and Illinois about which state had jurisdiction and an opinion of this court addressing the merits of NICTD's claim, the LaPorte Circuit Court finally heard arguments on South Shore's motion for confirmation of the arbitration award and NICTD's motion for summary judgment. The trial court denied NICTD's motion for summary judgment and granted South Shore's motion to confirm the arbitration award. NICTD appealed, and we held that the plain language of the MOW Fee adjustment clause clearly stated that NICTD and South Shore must consult, in 1992 and in every third year thereafter, to assess the adequacy of the MOW Fee, and that the MOW Fee must be adjusted as necessary. We held that the arbitrator's decision constituted an error of law and vacated the trial court's order, vacated the portion of the arbitration award that relat-

ed to the erroneous interpretation of the MOW Fee adjustment clause, and remanded this case to the trial court with instructions to submit the case to arbitration for purposes of determining the MOW Fee if the parties were unable to agree on the proper fee pursuant to the Agreement. *See Northern Indiana Commuter Transp. Dist. v. Chicago SouthShore & South Bend R.R.*, 744 N.E.2d 490, 491–97 (Ind.Ct.App. 2001), *trans. denied.*

Not surprisingly, the parties were unable to agree on the proper amount of the Fee, and on March 22, 2002, NICTD filed its notice of dispute. In June 2002, it filed with the trial court its request for arbitration and confirmation of the portion of the arbitration award that was not vacated by our previous decision.

In August 2002, the trial court issued an order referring the matter to arbitration. However, its order specified that the original panel of arbitrators, not a new panel, should hear and resolve the dispute. Because the neutral member of the panel had died in the interim, the trial court ordered the parties to direct their panel members to select a new third member.

In September 2002, NICTD filed its motion to correct error, which informed the court that its arbitrator from the original panel did not wish to continue to serve and that therefore NICTD could not comply with the court order. In December 2002, the trial court denied the motion, and NICTD instituted this appeal.

## DISCUSSION AND DECISION

■ NICTD argues that the trial court erred in resubmitting the issue of the MOW Fee back to the original panel of arbitrators. South Shore responds first by arguing that the trial court's order referring the matter to arbitration is not a final, appealable order. However, this court has held that an order compelling arbitration is an appealable final order in an action solely for that purpose because such an order has fully decided the issue before the court. *Evansville–Vanderburgh Sch. Corp. v. Evansville Teachers Ass'n*, 494 N.E.2d 321, 323–24 (Ind.Ct.App.1986). *See also Angell Enters., Inc. v. Abram & Hawkins Excavating Co., Inc.*, 643 N.E.2d 362, 364 (Ind.Ct.App.1994) (order compelling arbitration is final, appealable order if severable from other claims in lawsuit).

While the order at issue is not denominated an order compelling arbitration, its effect is the same: it orders the parties to submit themselves to an arbitration panel. We see no meaningful reason to distinguish this case, in which the trial court refers a matter to arbitration pursuant to remand instructions from this court from those in which a trial court orders arbitration under its own power.

IC 34–57–2–13 provides the procedure to follow when an arbitration award is vacated. It states that if the award was vacated on grounds other than that there was no arbitration agreement, the court may order a rehearing before new arbitrators or, if the award is vacated because the arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision or erred in conducting the hearing, the court may order a rehearing before the arbitrators who made the award or their successors. South Shore concedes that, in this case, either avenue was open to the trial court:

> "[T]he statutory alternatives on further arbitration after an award is vacated, coupled with Remand's lack of any *express* instruction on whether further arbitration here would be before the Original Panel or a new one, indicate at a minimum that this Court did not *mandate* either course but left that choice to the trial court."

*Appellee's Brief* at 15. We agree. Accordingly, we find that the decision whether to submit the claim to the original arbitration panel or a new one was within the discretion of the trial court when complying with this court's direction on remand.

██ However, under the circumstances present here, we believe that the trial court abused its discretion in referring the matter to the original panel that arbitrated the claim. On one hand, we recognize that referring the matter to the original panel seems like the most expeditious and least cumbersome manner of ending, once and for all, this apparently interminable disagreement. On the other hand, two of the three members of the original arbitration panel are unable or unwilling to continue to serve. This situation, where only one member of the original panel remains, creates the potential for the appearance of impropriety that weighs heavily against referring the matter to the original panel. Moreover, because the "original" panel will have two new members, the parties will be required to present the evidence supporting their respective positions yet again. Thus, any savings of time or expense in referring the matter to the original panel is illusory. Based on the balance of these factors, we hold that the trial court abused its discretion in referring the matter to the original arbitration panel.

NICTD also argues that the trial court erred in refusing to confirm the portions of the arbitration award which were not vacated by this court's previous decision. Specifically, our decision was to "vacate the trial court's order, vacate the portion of the arbitration award that relates to the erroneous interpretation of the MOW Fee adjustment clause, and remand this case to the trial court with instructions...." *Northern Indiana Commuter Transp. Dist.,* 744 N.E.2d at 496–97. South Shore essentially responds that the paragraphs of the award in question are no longer in dispute, but NICTD disagrees with this assessment. In light of the parties' positions, on remand, the trial court should confirm the portions of the prior arbitration award that did not relate to the interpretation of the MOW Fee adjustment clause. *See* IC 34–57–2–12 (trial court shall confirm arbitration award not challenged by parties).

We reverse and remand with instructions to refer this matter to arbitration by a new panel selected in accordance with the parties' Agreement or, in the absence of such a provision, by statute, and to confirm the appropriate portions of the prior arbitration award.

Reversed and remanded.

MAY and MATHIAS, JJ., concur.